ROBERTSON, Presiding Judge.
H.K.R. was born on July 17, 1995, while the mother was a patient at Searcy Hospi *1191 tal; H.K.R. has been in the custody of the maternal grandmother since shortly after her birth. The record reflects that the father is 51 years old with a history of mental illness and drug use, who lives in the back of a store; the mother is 31 years old, with a history of mental illness; and the child is now 2 years old.
The case action summary sheet reflects that on July 20, 1995, by petition for instanter and temporáry custody, instanter temporary custody of the 8-day-old child was awarded to the Department of Human Resources (“DHR”). The' child was placed in the maternal grandmother’s home on August 31, 1995, and has remained in her care. Both- the father and the mother were represented by retained legal counsel, although the father’s attorney withdrew on September 25, 1995. Following a hearing on April 8, 1996, ■ the child was found to be dependent and temporary legal custody of the minor child was awarded to Mobile County DHR with physical custody remaining with the maternal grandmother; the father was awarded supervised visitation. No appeal was taken by either parent.
The present case began on October 7, 1996, when the father and the mother filed a motion to establish visitation. On November 21, 1996, DHR requested a dispo-sitional hearing, and the case was set for March 3, 1997. The maternal grandmother filed a petition for custody on January 14,1997.
Initially, the mother and the father were represented by the same attorney and the child was represented by a guardian ad litem. After some disagreement arose between the father and the mother regarding the maternal grandmother’s custody petition (the father had decided he wanted to have full physical custody of the little girl), the father asked the referee to appoint a public defender to represent him. The father did not file an affidavit of substantial hardship, but simply stated that he was making only $5,500 per year and could not continue paying his attorney. The referee denied his request for a public defender, and this denial was confirmed by the trial court. The attorney continued to represent the mother, the father represented himself in his petition for custody, and the minor child was represented by a guardian ad litem.
Following a hearing, the referee issued his findings and recommendations to the judge, pursuant to § 12-15-6(c), Ala.Code 1975. The referee’s findings and recommendations were confirmed by the trial court on March 10, 1997, pursuant to § 12-15-6(e), Ala.Code 1975. On March 18, 1997, the father filed a pleading on behalf of the child, even though the child was being represented by a guardian ad litem. The pleading was entitled “APPEAL OF DECISIONS OF MARCH 3, 1997.” The pleading specifically stated that it was being filed “On behalf of [the minor child], by [the father].” The pleading recited many alleged errors committed by the referee.
The trial court specifically treated the March 18, 1997, pleading as a petition for rehearing pursuant to § 12-15-6(d), Ala. Code 1975.[1] The trial court, after reviewing the audio record of the hearing before the referee, denied the petition for rehearing on April 4, 1997, and appointed the father an attorney for purposes of appeal.
On April 17, 1997, the father’s attorney filed a notice of appeal. In the notice of appeal, the attorney specifically called the March 18, 1997, pleading a motion to alter, amend, or vacate.[2]
Requests for rehearings pursuant to § 12-15-6(d) and motions to alter, amend, *1192 or vacate are subject to Rule 1(B), Ala. R.Juv.P., the 14-day-rule in juvenile proceedings. The comment to Rule 1(B) specifically states: “This Rule is meant to apply in dependency, custody, or other proceedings of a civil nature filed in the juvenile court where no rule of juvenile procedure addresses the matter.” The request for rehearing, or post-judgment motion, was filed on March 18, 1997, and could remain pending for only 14 days, i.e., until April 1, 1997, when it was disposed of by operation of law. Id. The last possible day to file a notice of appeal was April 15, 1997. Rule 28(C), Ala.R.Juv.P. The father did not file his notice of appeal until April 17, 1997. Therefore, the appeal to this court is untimely; this court is without jurisdiction; and the appeal must be dismissed. M.C. v. K.B., 634 So.2d 595 (Ala.Civ.App.1994).
APPEAL DISMISSED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.

. This section provides that any party may file a written request, within 14 days after receipt of the referee's findings and recommendations, for a rehearing before the trial court.

. As to Judge Crawley’s dissent, the record does not support his statements that the trial court and the father’s appointed counsel treated the "earlier pro se pleading as both a post-judgment motion and a notice of appeal.”