757 So.2d 1193 (1998)
Ex parte D.B.R.
(In re D.B.R. v. MOBILE COUNTY DEPARTMENT OF HUMAN RESOURCES et al.).
1970987.
Supreme Court of Alabama.
December 18, 1998.
*1194 Patricia W. Hall, Mobile, for petitioner.
J. Coleman Campbell and Lynn S. Merrill, asst. attys. gen., Department of Human Resources, for respondent.
HOOPER, Chief Justice.
This is a child custody case. We have granted certiorari to consider the judgment of the Court of Civil Appeals. See D.B.R. v. Mobile County Department of Human Resources, 757 So.2d 1190 (Ala. Civ.App.1998).

Facts
D.B.R. and his wife both lost custody of their daughter three days after she was born. Both parents had a history of mental illness. The Department of Human Resources placed the child in the maternal grandmother's temporary custody. On April 31, 1996, the Department found the child to be dependent and placed her in the physical custody of the maternal grandmother, with the Department retaining temporary legal custody.
This case began on October 7, 1996, when both parents moved to establish visitation. Initially, both parents were represented by the same attorney, and a guardian ad litem was appointed for the child. The maternal grandmother, represented by her own counsel, sought custody. The mother and father disagreed with the custody petition filed by the grandmother, because D.B.R. himself wanted custody of the child. In seeking custody, D.B.R. requested a public defender to represent him. However, he did not file an "affidavit of substantial hardship." He merely stated that his yearly income was $5,500 and that he could not continue paying his attorney. The referee denied this request, and the trial court affirmed that denial. Subsequently, D.B.R. represented himself.
On March 10, 1997, based on the referee's recommendations, the trial judge awarded the maternal grandmother custody and awarded D.B.R. supervised visitation with the child. On March 18, 1997, D.B.R., acting pro se, filed a document styled "Appeal of Decisions of March 3, 1997." (The referee had conducted a hearing on March 3, 1997.) In that filing, he stated that it was made "on behalf of the minor child by the father." The trial court treated the filing as a petition for a rehearing pursuant to § 12-15-6(d), Ala.Code 1975. On April 4, 1997, the court denied the rehearing petition.
An attorney was appointed for D.B.R. for the purpose of an appeal. On April 17, 1997, D.B.R. filed an appeal to the Court of Civil Appeals from the order denying what he called "his motion to alter, amend or vacate" the court's order. The Court of Civil Appeals construed the March 18, 1997, filing as a motion for a rehearing or to alter, amend, or vacate the judgment and concluded that it had been deemed denied as of April 1, 1997, based on Rule 1(B), Ala.R.Juv.P. Based on that construction of the motion, the last day allowed for an appealthe 14th daywas April 15, 1997. Rule 28(C), Ala.R.Juv.P. Because D.B.R.'s appointed attorney had filed the notice of appeal on April 17, 1997, the Court of Civil Appeals dismissed the appeal as untimely. 757 So.2d at 1192.

Issues
The first issue is whether the trial court erred in treating the document entitled "Appeal of Decisions of March 3, 1997" as a post-judgment motion for a rehearing. If so, and if it was properly to be treated as an appeal, we must consider whether it was timely filed. If it was, then we must consider whether the trial court erred in not appointing counsel for D.B.R. in the original trial.

*1195 Analysis

It appears the Court of Civil Appeals' concern was the wording of D.B.R's filing, which stated that it was made "on behalf of the minor child." The Court of Civil Appeals interpreted this document as a motion by D.B.R., as the child's father, for a rehearing or to alter, amend, or vacate the order. However, as Judge Crawley stated in his dissent, "the language used by a pro se litigant cannot be viewed in a technical sense." 757 So.2d at 1192. That language mentioning the child could be understood as indicating that the child was the object of the father's concern. We cannot and should not expect a pro se litigant to use the same technical precision that we expect from a lawyer.
A party questioning the sufficiency of the evidence in a nonjury fact determination may appeal the ruling directly, because in such a case the filing of a post-trial motion is not a predicate for appellate review. Rule 52(b), Ala. R. Civ. P. In order for D.B.R. to appeal, it was not necessary for him to first file a post-judgment motion. Therefore, the trial court could have treated the March 18, 1997, filing as an appeal rather than as a postjudgment motion. A court is to construe pleadings so as to do substantial justice. Rule 8(f), Ala. R. Civ. P.
The trial court considered the March 18, 1997, filing, styled "Appeal of Decisions of March 3, 1997," as a petition for a rehearing. The document does not mention the word "rehearing," nor is there any indication that D.B.R. intended for this document to be a request for a rehearing. However, there is evidence that he intended to appeal the court's previous determination. Throughout the document filed March 18, 1997, D.B.R. uses language consistent with an appeal. Because Rule 52(b), Ala. R. Civ. P., permits D.B.R. to directly appeal the court's ruling, and because of the principle of Rule 8 that all pleadings are to be construed so as to do substantial justice, we conclude that the March 18, 1997, filing was more properly to be considered as a notice of appeal, not as a petition for a "rehearing" or as a motion to alter, amend, or vacate the judgment. Because we construe D.B.R's filing as a notice of appeal, we must consider whether the ruling of March 10, 1997, is, in fact, a final judgment and therefore appealable.
In Potter v. State Dep't of Human Resources, 511 So.2d 190 (Ala.Civ.App. 1986), the Court of Civil Appeals held that a decision of a juvenile court finding that children were dependent and awarding temporary custody to the children's maternal grandparents and the state, constituted a "final judgment, order, or decree" for the purpose of the rule giving parents 14 days from the entry of a "final judgment, order or decree" in which to file a notice of appeal. 511 So.2d at 192. We conclude that the trial court's order of March 10, 1997, was an appealable order and that D.B.R.'s filing of March 18, 1997, was a timely notice of appeal from that order.
As for D.B.R.'s petition to be treated as an indigent, we question why the trial court appointed an attorney for D.B.R. for the purpose of his appeal but not for the purpose of the original trial. Section 12-15-63(b), Ala.Code 1975, states:
"In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable for financial reasons to retain their own."
It is not the responsibility of this Court to determine whether D.B.R. is in fact indigent and therefore entitled to appointed counsel. However, the record before us indicates that the trial court should review D.B.R.'s status again to determine whether he is entitled to appointed counsel.

Conclusion
We reverse the judgment of the Court of Civil Appeals and remand for that court to direct the trial court to determine if *1196 D.B.R. was indigent at the time of trial, and, if so, to grant him a new trial. If the trial court determines D.B.R. was not then indigent, then the Court of Civil Appeals is to consider the merits of his appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
LYONS, J., concurs in the result.
MADDOX, J., dissents.