MURDOCK, Justice.
T.R. (“the mother”) is the mother of T.I.R., who was born in June 1999; the mother and T.I.R. are residents of Ohio. In June 2000, the Shelby County, Tennessee, Juvenile Court entered an order declaring that R.C. (“the father”) was TJ.R.’s natural father; the father was a resident of Tennessee at the time of the adjudication. In part, the order also required the father to pay “all medical expenses incident to the birth of [T.I.R.],” to pay child support to the mother in the amount of $157.50 per month, and to provide medical insurance for T.I.R. The father’s child-support payments were apparently forwarded to the mother through Tennessee’s “Central Child Receipting Unit” (which withheld a fee of $7.50 from each installment payment) and through the Ohio Department of Job and Family Services.
At some point after the entry of the June 2000 order, the State of Tennessee, on the relation of the mother, instituted proceedings to modify the father’s child-support obligation and to hold him in contempt. In August 2001, the Shelby County, Tennessee, Juvenile Court entered an order requiring the father to pay the *488 mother an arrearage of $1,500[1] but denying the petition to modify his child-support obligation. The record does not disclose whether the court held the father in contempt.
At some point, the father moved to the Huntsville area. In October 2003, the “Madison County Child Support Unit,” apparently at the request of the Summit County, Ohio, Child Support Enforcement Agency, filed a “Notice of Registration of Order” in the Madison Juvenile Court; the matter was assigned case no. CS-03-2556. See Ala.Code 1975, § 30-3A-601 et seq. (providing for the registration and enforcement of foreign child-support judgments under Alabama’s Uniform Interstate Family Support Act). The notice of registration informed the father that the June 2000 order had been registered for purposes of enforcement in Alabama; that according to the Ohio agency he had a child-support arrearage of $606; that he had 30 days to contest the “validity or enforcement” of the June 2000 order; and that payments under the order should be made to the Alabama Child Support Payment Center in Montgomery for transmittal to the State of Ohio. The father apparently did not contest the registration or the enforcement of the June 2000 order. See Ala.Code 1975, § 30-3A-605 (discussing the contents of the notice of registration); Ala.Code 1975, § 30-3A-606(a) (“A nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing within 30 days after the date of service of notice of the registration obtained under the Alabama Rules of Civil Procedure.”); Ala.Code 1975, § 30-3A-606(b) (“If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.”).
In August 2006, the mother initiated a proceeding in the Madison Juvenile Court (case no. CS-03-2556.01), alleging that the father had failed to pay child support as ordered and that the father’s child-support obligation should be increased.[2] The mother requested a “judgment ... for child-support arrearage,” an “[ojrder modifying the [father’s] child support [obligation] ... pursuant to Rule 32 of the Alabama Rules of Judicial Administration” (emphasis omitted), and an award of attorney fees. The Madison Juvenile Court assigned the case to a referee, who conducted an ore tenus hearing in December 2006. The referee filed her findings and recommendations on January 5, 2007, which she amended on January 31, 2007. As amended, the referee’s findings and recommendations included the following:
“6. At the time the Notice of Registration of Order was filed in this Court, the [father] owed $606.00 in arrearag-es. That arrearage plus interest was satisfied on or about January 2005.
“7. There has been a material change in circumstances, to wit: the respective income of the parties has changed as well as the material needs of the child.
“8. The defendant shall pay the sum of $685 per month commencing on September 1, 2006, for the support and maintenance of the minor child.
*489 “9. The defendant shall pay $585.00 representing the difference in the amount of child support since the modification was filed in August 2006. This amount shall be paid within sixty days of this Report.[3]
[[Image here]]
“16.... Each party shall be responsible for them respective attorney fees.
“17. The award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32 of the Alabama Rules of Judicial Administration.”
The findings, as amended, informed the parties that they had 14 days to request a rehearing before the Madison Juvenile Court. See Ala.Code 1975, § 12-15-6(d);[4] Rule 2.1(F), Ala. R. Juv. P.
On February 5, 2007, the mother filed a “Request for Rehearing.” On February 8, 2007, the Madison Juvenile Court entered an “Order on Re-hearing,” stating that it had considered the mother’s motion and that it had
“reviewed the record of such proceedings [before the referee] as well as the Amended Report, Findings, and Recommendations [of the referee] ... and concurs with the findings of the Referee.
“It is therefore ORDERED, ADJUDGED and DECREED that the Amended Report, Findings, and Recommendations [of the referee] ... are hereby ratified and they are hereby made the Decree of this Court.”
The mother appealed to the Court of Civil Appeals, which affirmed the trial court’s judgment, without issuing an opinion. See T.R. v. R.C. 4 So.3d 485 (Ala.Civ. App.2007). Judge Thomas, joined by Judge Moore, issued a dissenting opinion; Judge Bryan concurred in the result without issuing an opinion.
On appeal to the Court of Civil Appeals, the mother argued that the Madison Juvenile Court erred to reversal because it did not conduct a rehearing, because it ratified an order that failed to award her a child-support arrearage, because it ratified an order that failed to properly apply the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines, and because it ratified an order that failed to award her attorney fees. In her brief to this Court, the mother essentially repeats the arguments she made to the Court of Civil Appeals. We address the first of these issues: whether the trial court erred to reversal by failing to conduct a rehearing. In light or our disposition of this issue, we pretermit consideration of the latter three issues.
At the time relevant to this appeal, § 12-15-6(d), Ala.Code 1975, provided:
“(d) A rehearing before the judge may be ordered by the judge at any time and shall be ordered if any party files a written request therefor within H days after receipt of the referee’s written notice. Upon rehearing, when adequate records have been kept in the proceedings before the referee, the court shall reviere the record and, in the discretion of the judge, may admit new evidence. If the referee has not kept adequate records, the rehearing shall be de novo.”
(Emphasis added.) Also, Rule 2.1(F), Ala. R. Juv. P., states:
*490 “A rehearing before a judge with authority over juvenile matters concerning the matter heard by the referee shall he scheduled, if any party files a written request therefor within the time frames provided in subsection (E) above. Once a rehearing is scheduled, the parties shall be notified of the date, the time, and the place of the rehearing. Notice to a party represented by counsel shall be given to counsel and such notice shall be sufficient unless the court orders otherwise. When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and, in his or her discretion, may admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novo.”[5]
(Emphasis added.)
Rule 2.1(F) provides, and § 12-15-6 provided, that upon a written request for a rehearing before a judge, the trial court shall schedule and conduct a hearing, if for no other purpose, to provide a party with an opportunity to argue why the referee erred, why the record is not adequate, and/or why the record should be supplemented with additional evidence (regardless of whether there is an adequate record of the referee’s proceedings). In the present case, the mother was denied her right to a “rehearing” under the rule and the statute. This was error on the part of the trial court and, we conclude, error that “affected [a] substantial right[ ]” of the mother, i.e., the right to have her case reheard by a judge. See generally Rule 45B, Ala. R.App. P. (harmless-error rule).[6]
Based on the foregoing, the decision of the Court of Civil Appeals is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.

. It does not appear from the materials in the record on appeal that this arrearage related solely to the payment of child support.

. The Madison Juvenile Court had jurisdiction to modify the June 2000 order based on the application of § 30-3A-611(a)(1), Ala.Code 1975.
Also, the State of Alabama, on the relation of the mother, was named a party plaintiff. The State has not participated in the present appeal.

. It is unclear how the referee determined this amount was due.

. Section 12-15-6 has recently been amended and renumbered as Ala.Code 1975, § 12 — 15— 106. See Act No. 2008-277, Ala. Acts 2008. Paragraph (e)(1) of § 12-15-106 states that ‘'[t]he [referee's] written findings and recommendations shall contain a notice that any party has a right to request a rehearing within 14 days of the date those findings and recommendations were filed in the office of the clerk of juvenile court.”

. As noted above, the legislature recently amended and renumbered § 12-15-6 as Ala. Code 1975, § 12-15-106. See note 4, supra. The parallel provision to § 12 — 15—6(d) is § 12-15-106(0, which is almost identical to Rule 2.1(F). Section 12-15-106(0 provides:
"A rehearing before a judge with authority over juvenile court matters concerning the matter heard by the referee shall be scheduled if any party files a written request therefor within the time frames provided in subsection (e). Once a rehearing is scheduled, the parties shall he notified of the date, time, and the place of the rehearing. Notice to a party represented by counsel shall be given to counsel, and this notice shall be sufficient unless the juvenile court orders otherwise. When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and may admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novo.”
(Emphasis added.)

. See also T.R., 4 So.3d at 486 (Thomas, J., dissenting) (noting that "the line between a judge and a referee is not [to be] blurred” and that it is reasonable to assume that the legislature, in enacting § 12-15-6, "envisioned that, although referees could perform vital functions to assist trial judges, they were not to become substitutes for trial judges”).