THOMAS, Judge.
 

 On October 29, 2008, the State Department of Human Resources (“DHR”), on behalf of J.A.S., filed a petition in Mobile Juvenile Court to hold A.G. in contempt for failing to pay court-ordered child support. The juvenile court assigned the case to a referee, who conducted an
 
 ore terms
 
 hearing on April 20, 2009. The referee determined that A.G. did not have the ability to pay and, therefore, that he should not be held in contempt for his failing to pay child support. The referee also reinstated A.G.’s driver’s license, which had been administratively suspended for his failure to pay child support.
 
 [1]
 
 On April 28, 2009, the juvenile court adopted the referee’s findings. On May 1, 2009, DHR filed a motion for a rehearing of the referee’s findings. On May 21, 2009, the juvenile court denied DHR’s motion. DHR, on behalf of J.A.S., timely appealed the juvenile court’s order denying its motion for a rehearing.
 

 
 *564
 
 DHR argues on appeal that the juvenile court erred in denying its motion for a rehearing and that the juvenile court erred by reinstating A.G.’s driver’s license. Because we find that the juvenile court erred by denying DHR’s motion for a rehearing, we pretermit consideration of DHR’s second issue.
 

 Alabama Code 1975, § 12-16-106(0, provides:
 

 “A rehearing before a judge with authority over juvenile court matters concerning the matter heard by the referee shall be scheduled if any party files a written request therefor within the time frames provided in subsection (e).... When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and may admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novo.”
 

 Additionally, Rule 2.1(F), Ala. R. Juv. P., provides:
 

 “A rehearing before a judge with authority over juvenile matters concerning the matter heard by the referee shall be scheduled if any party files a written request therefor within the time frames provided in subsection (E) above. Once a rehearing is scheduled, the parties shall be notified of the date, the time, and the place of the rehearing. Notice to a party represented by counsel shall be given to counsel and such notice shall be sufficient unless the court orders otherwise. When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and, in his or her discretion, may admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novo.”
 

 In
 
 Ex parte T.R., 4
 
 So.3d 487 (Ala.2008), the Alabama Supreme Court considered the issue whether Ala.Code 1975, § 12-15-6(d) — a predecessor statute of § 12-15-106(f) that was substantially similar to § 12 — 15—106(f)—and Rule 2.1(F) mandate that the juvenile court grant a rehearing on a timely filed motion for a rehearing and whether the denial of a rehearing could be considered harmless error. In that case, our supreme court held:
 

 “Rule 2.1(F) provides, and 12-15-6 provided, that upon a written request for a rehearing before a judge, the trial court shall schedule and conduct a hearing, if for no other purpose, to provide a party with an opportunity to argue why the referee erred, why the record is not adequate, and/or why the record should be supplemented with additional evidence (regardless of whether there is an adequate record of the referee’s proceedings). In the present case, the mother was denied her right to a ‘rehearing’ under the rule and the statute. This was error on the part of the trial court and, we conclude, error that ‘affected [a] substantial right[]’ of the mother, i.e., the right to have her case reheard by a judge.”
 

 T.R.,
 
 4 So.3d at 490.
 

 In this ease, as in
 
 T.R.,
 
 the juvenile court erred by denying DHR’s timely filed motion for a rehearing. Accordingly, we reverse the juvenile court’s judgment, and we remand the cause for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Alabama Code 1975, § 30-3-170 et seq., provides, under certain circumstances, for the suspension of a parent’s driver’s license for failure to pay child support.