MOORE, Judge.
R.P.M. (“the mother”) appeals from a judgment entered by the Limestone Juvenile Court (hereinafter sometimes referred to as “the juvenile court”). We dismiss the appeal.

Background

On March 31, 2011, P.D.A. (“the father”) petitioned the juvenile court to modify custody of P.A. (“the child”), who was born on March 13, 2002. He asserted that the Juvenile Court of Davidson County, Tennessee (“the Davidson Juvenile Court”), previously had adjudicated his paternity of the child, had awarded the mother physical custody of the child, and had ordered the father to pay child support.[1] He further *50 asserted that, since the entry of that judgment by the Davidson Juvenile Court, the mother and the child had moved to Alabama, where they had resided for the three years preceding the filing of his petition. The father also asserted that a material change in circumstances had occurred such that he should be awarded custody of the child. The father’s petition was assigned a “CS” civil-action number by the juvenile court. The mother filed a counterclaim seeking to modify the father’s child-support obligation.
On March 7, 2012, the juvenile court conducted an ore tenus hearing. At that hearing, the father submitted into evidence, among other things, a certified copy of a May 6, 2004, order, entered by the Davidson Juvenile Court, adjudicating the father’s paternity and establishing a pen-dente lite visitation schedule for the father. The father also submitted into evidence a certified copy of an October 15, 2004, order in which the Davidson Juvenile Court had incorporated the parties’ voluntary agreement designating the mother as the “primary residential parent” and the father as the “alternate residential parent,” awarding the father a specified visitation schedule, and ordering the father to pay child support. In that order, the Davidson Juvenile Court specifically stated: “All other matters are reserved.”[2]
On May 1, 2012, the juvenile court entered a judgment finding that the father had met his burden of proof under Ex parte McLendon, 455 So.2d 863 (Ala.1984), to warrant a custody modification.[3] The juvenile court awarded the father physical custody of the child, awarded the mother a specified visitation schedule, and ordered the mother to pay child support. The juvenile court specifically denied all other requested relief.
On May 3, 2012, the mother filed a “Motion to Reconsider” the juvenile court’s judgment; that motion was denied on May 8, 2012. On June 12, 2012, the mother filed her notice of appeal.
At the request of this court, both the mother and the father filed “letter briefs” regarding the timeliness of the mother’s appeal. Although the appeal was allowed to proceed, such permission “does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record.” Smith v. Smith, 919 So.2d 315, 316 n. 1 (Ala.Civ.App.2005); see also Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (noting this court’s policy of taking notice of jurisdictional matters at any time, even ex mero motu).

Analysis

Although the mother’s notice of appeal indicates that she is appealing from a judgment entered by the Limestone Circuit Court, we note that the father’s petition was properly filed and docketed in the Limestone Juvenile Court. See Ala.Code 1975, § 12-15-115(a)(8). There is no indication in the record that the action was transferred from the Limestone Juvenile Court to the Limestone Circuit Court, and the judgment from which the mother appeals was entered by Judge Woodruff in *51 his capacity as a juvenile-court judge.[4] “Moreover, a case designated with a ‘CS’ ease number is considered a juvenile-court action, whether it is filed in a juvenile court or in a circuit court. See H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278-79 (Ala.Civ.App.2009).” C.W.S. v. C.M.P., 99 So.3d 864, 866 n. 1 (Ala.Civ.App.2012).
Based on the above, we conclude that the Alabama Rules of Juvenile Procedure properly govern this action. As a result, we must consider whether the mother’s notice of appeal invoked the appellate jurisdiction of this court.
“It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘The timely filing of [a] notice of appeal is a jurisdictional act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (‘an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived’).”
Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App.2007).
Under the Alabama Rules of Juvenile Procedure, the mother had 14 days from the denial of her postjudgment motion to file her notice of appeal. See Rule 28(C), Ala. R. Juv. P.; and H.J. T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009) (“A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion.”).
Thus, the mother’s notice of appeal must have been filed no later than May 22, 2012, to be timely. Because the mother did not appeal until June 12, 2012, after the 14-day period had expired, this court has no jurisdiction to consider her appeal. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”). We, therefore, dismiss the mother’s appeal.[5]
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The father did not attach to his petition certified copies of the judgment he referenced.

. The orders submitted by the father were certified by the clerk of the Davidson Juvenile Court and by a judge of the Davidson Juvenile Court. The record does not contain a copy of a final judgment entered by the Davidson Juvenile Court.

. Although the judgment bore the date of April 3, 2012, it was not entered into the State Judicial Information System until May 1, 2012. See Rule 58(c), Ala. R. Civ. P.

. We further note that the case-action summary included in the record expressly indicates that the action was maintained in the Limestone Juvenile Court.

. We express no opinion as to whether the juvenile court acquired subject-matter jurisdiction of the issues presented in the father’s custody-modification petition.