MOORE, Judge.
Frances P. Quarles, as guardian ad litem for N.P., a minor child, petitions this court for a writ of mandamüs directing the Jefferson Juvenile Court . (“the juvenile court”) to cease exercising jurisdiction over this matter. We deny the petition.

Background .

On April 16, 2012, the Jefferson County Department of Human Resources (“DHR”) filed a complaint alleging the dependency of N.P. (“the child”). On March 1’, 2013, the juvenile court, based upon the stipulation of C.S. (“the mother”) and A.P. (“the father”) that the child was dependent, entered a judgment determining that the child was dependent and adopting a permanency plan to reunite the child with the parents. On June 17, 2013, the juvenile court awarded physical custody of the child to T.Y., the child’s maternal cousin.
At some point in 2014, the juvenile court appointed C.H. Brantley (“the referee”) as a referee in the case. Thereafter, the juvenile court entered a series of orders ratifying the findings and recommendations of 'the referee. As a result of those orders, the juvenile court, at one point, returned the child to the physical custody of thé father, but, the juvenile court later revoked that award and returned the child to the physical custody of T.Y.
On May 18, 2015, the referee conducted a permanency hearing. On that same day, the referee rendered his findings and recommendations, concluding that custody of the child should be awarded to T.Y., subject to certain visitation rights of the parents, and that the case should be closed. The juvenile court rendered an order ratifying the referee’s findings and recommendations on May 19, 2015. The ratification order was entered on May 21, 2015, when it was filed in the office of the clerk of the juvenile court and entered into the State Judicial Information System. See Rule 58(c), Ala. R. Civ. P.
On June 1, 2015, the mother filed a document that stated:

“NOTICE OF APPEAL OF THE DECISION OF THE REFEREE

“COMES NOW ... the Mother and hereby notifies this Honorable Court that the Mother wishes to appeal the decision of the Referee and requests a rehearing pursuant to Alabama law,
“WHEREFORE PREMISES CON- • SIDERED, we respectfully move this *501 Honorable Court to set this appeal for rehearing.”
On June 29, 2015, the juvenile court entered an order setting a hearing on the case for August 21, 2015. On July 27, 2015, the guardian ad litem filed an objection, arguing .that the juvenile court had lost jurisdiction to take any further action in this case. The juvenile court subsequently continued the hearing, apparently to December 4, 2015.

Discussion

The guardian ad litem for the child petitions this court for a writ of mandamus directing the juvenile court to cease conducting further proceedings in this jnatter on the basis that it has lost subject-matter jurisdiction over the case. The guardian ad,.litem maintains that the juvenile court entered a final judgment in this case on May 21, .2015, that the mother filed, a postjudgment motion on June 1, 2015, that the motion was denied by operation of law on June 15, 2015, and that the juvenile court thereafter lost jurisdiction to take any further action on the case. We disagree.
Section 12-15-106, Ala.Code 1975, governs the procedure when a juvenile court appoints a referee. That Code section provides, in pertinent part:
“(e) Written Findings and Recommendations of the Referee.
“(1) After conducting a hearing in a juvenile >,. case, if the referee' has made a decision at the conclusion of the hearing, the referee shall immediately reduce his or her 'findings and recommendations to writing and then transmit those written findings and recommendations to the clerk of the juvenile court for filing and .to a judge with authority over juvenile matters for his or her signature pursuant, to subsection (g). If the parties . are present at the hearing, copies of the written findings and recommendations shall be given to the parties in open court. The written findings and recommendations shall contain a notice that any party has a right to request a rehearing-within 14 days of the date ■those findings and recommendations were filed in the office of the clerk of juvenile court.
■ “(2) ... Oncé the' clerk files the written findings and recommendations, the clerk shall send to the parties, by first class mail, copies of the findings and recommendations containing a notice informing them that they have the right to request a rehearing within 14 days of the date the findings and recommendations were filed in the office of the clerk of the juvenile court.'
[[Image here]]
“(f) Rehearing Before the Juvenile Court. A rehearing before a judge with authority over juvenile court matters concerning the matter heard by the referee shall be scheduled if any party files a written request therefor within the time frames provided in subsection (e).... When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and may admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novó.
“(g) Ratification by the Judge. The findings and recommendations of the referee shall become the order of the juvenile court when ratified by the origi...nal signature of a judge with authority over juvenile matters.”
Subsection 12-15-106(e) repeatedly states in clear and unambiguous terms that a party has a right, to a rehearing if requested within 14 days of the filing of *502 the findings and recommendations of the referee. That subsection, which became effective in 2009, see Ala. Acts 2008, Act No. 2008-277, § 33, supplants former Rule 2.1 of the Alabama Rules of Juvenile Procedure and former § 12-15-6, Ala.Code 1975, which used similar mandatory language. In Ex parte T.R., 4 So.3d 487, 490 (Ala.2008), our supreme court construed that language as requiring a juvenile court to conduct a rehearing whenever a party timely requests one. In this case, the mother filed a request for a rehearing on June 1, 2015, 11 days after the referee filed his findings and recommendations. Although she labeled her request as an “appeal,” the mother specifically requested a rehearing of the decision of the referee by the juvenile court; she did not seek review of any order or judgment of the juvenile court itself. See Cannon v. State Farm Mut. Auto. Ins. Co., 590 So.2d 191 (Ala.1991) (the substance, not style, of a motion determines its nature); cf. Ex parte D.B.R., 757 So.2d 1193 (Ala.1998) (holding that language used by pro se litigant indicated that he wanted to appeal juvenile-court judgment, not request a rehearing, because pro se litigant did not use word “rehearing” or request that juvenile court reconsider its judgment).
Rule 1(B), Ala. R. Juv. P., provides, in pertinent part:
“All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended
[[Image here]]
[[Image here]]
“A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
In D.B.R. v. Mobile County Department of Human Resources, 757 So.2d 1190, 1191-92 (Ala.Civ.App.1998), reversed by Ex parte D.B.R., supra, this court stated that “[rjequests for rehearing pursuant to [former] § 12-15-6(d)[, Ala.Code 1975,] ... are subject to Rule 1(B), Ala. R. Juv. P.” That statement was rendered obiter dictum when our supreme court determined that the case did not involve a request for a rehearing, but an appeal. At any rate, we reject that language as an incorrect statement of the law. Section 12-15-106(f) provides that, once a party timely requests a rehearing, the rehearing “shall be scheduled” and that the “parties shall be notified of the date, time, and place of the rehearing.” That language directly contradicts any implication that the juvenile court has only 14 days to rule on the rehearing request or it will be denied by operation of law.
Moreover, a request for a rehearing as to the issues addressed in a referee’s findings and recommendations is not a postjudgment motion because a referee’s findings and recommendations are not a judgment. Cf. Ex parte State of Alabama ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000) (in which, in dicta, supreme court referred to a rehearing request as a postjudgment motion). A referee’s findings and recommendations can become a judgment of the juvenile court when they are ratified by a juvenile-court judge, see § 12-15-106(g), but, even in that instance, if a party has promptly and sufficiently applied for a rehearing, § 12-15-106(e) grants that party an .unqualified statutory right to a rehearing, see State Dep’t of Human Res. v. A.G., 36 So.3d 563, 564 (Ala.Civ.App.2009), and T.R. v. R.C., 4 *503 So.3d 485, 485-86 (Ala.Civ.App.2007) (Thomas, J., dissenting), which Rule 1(B) cannot effectively negate. See Ala. Const, of 1901 (Off. Recomp.), Art. IV, § 150 (derived from Amend. No. 328, § 6.11) (“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party.... These rules may be changed by a general act of statewide application.”). Thus, the fact that the juvenile court scheduled a hearing on the mother’s rehearing request 28 days after she filed her request does not in any way diminish her right to a rehearing or deprive the juvenile court of its jurisdiction under § 12-15-106 to preside over a rehearing.
“It is clear from the former [Alabama Juvenile Justice Act, § 12-15-1 et seq., Ala.Code 1975], the 2008 [Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975], and the Alabama Rules of Juvenile Procedure that, in resolving issues involving juveniles, time is of the essence.” Ex parte T.C., 96 So.3d 123, 129 (Ala.2012). A juvenile court should rule on requests for a rehearing promptly and should schedule and resolve any rehearings without any inordinate delay. However, a juvenile court does not lose jurisdiction based solely on the passage of 14 days from the date of the filing of a timely request for a rehearing, as the guardian ad litem contends in this case.
In summary, the juvenile court did not enter a final judgment when it ratified the referee’s findings and recommendations on May 21, 2015, because that judgment remained subject to the parties’ right to a rehearing, and the mother timely filed her request for a rehearing. The mother’s request was not denied by operation of law because Rule 1(B) does not apply to requests for a rehearing in this context. The juvenile court retains jurisdiction to rehear the issues decided by the referee. The juvenile court has acted within its authority by scheduling a hearing on the mother’s rehearing request in this case.
In order to obtain a writ of mandamus, the burden was on the guardian ad litem to prove, among other things, a clear legal right to the relief sought by showing that the juvenile court lacked subject-matter jurisdiction. See Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000). The guardian ad litem has not proven that the juvenile court has lost jurisdiction of the case. Accordingly, the petition for a writ of mandamus is denied.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.