DONALDSON, Judge.
J.W. appeals from separate judgments of the Jefferson Family Court (“the juvenile court”) ordering him to pay child support and denying his petition to modify his *94 child-support obligation. We dismiss the appeal as untimely.
The procedure followed in the juvenile court is not entirely clear from the record, but the following relevant facts are material to the disposition of this appeal. M.K.W. (“the child”)'was born on February 2, 2011. T.K. is the child’s mother, and J.W. is the child’s biological father. T.K. filed a petition in the juvenile court to establish J.W.’s paternity of the child and to order him to pay child support. That case was assigned case no. CS-12-1250.00 (“the .00 case”).
On December 12, 2012, the juvenile court entered an order in the .00 case that required T.K. to pay for the cost of a paternity test and set a future hearing to review the test results. The order incorporated by reference another order requiring J.W. to pay $673 monthly for child support, 50% of the child’s unreimbursed health-care costs, and $4,324 in retroactive child support and also directing that an income-withholding order (“IWO”) be issued to J.W.’s employer. According to the assertions made by J.W. in several motions that are included in the record, the juvenile court entered a final judgment in the .00 case on March 6, 2013, establishing J.W.’s paternity of the child.
On March 20, 2013, J.W. filed a motion in the .00 case seeking to set aside the judgment of March 6, 2013, and the December 12, 2012, order regarding child support. After conducting a hearing, the juvenile court entered an order on August 30, 2013, purportedly dismissing T.K.’s petition in the .00 case based on her failure to appear at the postjudgment hearing.[1]
On December 13, 2013, J.W. commenced a new action, which was assigned case no. CS-12-1250.01 (“the .01 case”), by filing a petition in the juvenile court seeking to modify his child-support obligation and to terminate the IWO issued in the .00 case. In support of the petition, J.W. cited the juvenile court’s purported dismissal of the .00 case in the August 30, 2013, order.[2]
After conducting a hearing, the juvenile court entered a judgment on April 17, 2014, in the .01 case that stated that J.W. was to continue to pay child support as ordered in the .00 case, that denied J.W.’s motion to terminate the IWO, that denied J.W.’s petition to modify child support, and that “removed” the case from the docket. The judgment also set aside as void the August 30, 2013, order entered' in the .00 *95 case that had purportedly dismissed T.K’s petition for failure to appear.[3]
On April 24, 2014, J.W. filed a motion seeking to set. aside, the order entered in the .01 case on April 17, 2014, and seeking to “transfer” the .01 case to the Jefferson Circuit Court. On July 31, 2014, the juvenile court entered an order purportedly transferring the ,01 case to the circuit court. On September 29, 2014, the circuit court entered an order purportedly transferring the case back to the juvenile court based on what the circuit court found to be a lack of subject-matter jurisdiction.
On March 31, 2015, J.W. filed a motion to transfer the .01 case to another juvenile-court or circuit-court judge. The record does not contain a ruling on that motion.
On May 19, 2015, the juvenile court entered a judgment in the .01 case purportedly denying J.W.’s' petition to modify his child-support obligation. On that same day, J.W. filed a motion in the juvenile court seeking to alter, amend, or vacate the May 19, 2015, judgment. J.W. filed an amended postjudgment motion on May 21, 2015.
On June 4, 2015, J.W. filed a notice of appeal to the circuit court. See Rule 28(B), Ala. R. Juv. P. On June 9, 2015, the juvenile court entered an order purportedly denying J.W.’s postjudgment motion. On June 17, 2015, JW. filed a notice of appeal to this court.
Before addressing any issues J.W. raises on appeal, we must first address whether this court has jurisdiction over this appeal. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (“jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu”). J.W.’s brief on appeal seeks to address orders entered in both the .00 case and the .01 case. The final judgment in the .00 case was apparently entered on March 6, 2013. Because J.W. failed to file a notice of appeal to any court within 14 days after the denial by operation of law, on April 3, 2013, of his postjudgment motion directed to the March 6, 2013, judgment, see notes l and 3, supra, his appeal is untimely insofar as it addresses the orders in the .00 case. See R.P.M. v. P.D.A., 112 So.3d 49, 51 (Ala.Civ.App.2012) (“Under the Alabama Rules of Juvenile Procedure, the mother had 14 days from the denial of her post-judgment motion to file her notice of appeal. See Rule 28(C), Ala. R. Juv. P.; and H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009).”).
From this record, it appears that the April 17, 2014, judgment entered in the .01 case disposed of all the pending issues in that case. J.W.’s postjudgment motion filed on April 24, 2014, was denied by operation of law on May 8, 2014, and the juvenile court thereafter lacked jurisdiction to take further action in that case. See Rule 1, Aa. R. Juv. P. (providing that a postjudgment motion is denied by operation of law if an order disposing of the motion is not entered within 14 days); T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008)(holding that the juvenile court lacked jurisdiction to enter an order on a postjudgment motion after the motion was denied by operation of law). J.W. therefore had 14 days from May 8, 2014, to file a notice of appeal from the April 17, 2014 judgment. See R.P.M., supra. Because J.W. failed to file a notice of *96 appeal within that 14-day period, his appeal is untimely as to the .01 case.
For the foregoing reasons, this court has no jurisdiction to consider J.W.’s appeal, and, accordingly, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. In matters pending in the juvenile court, "[a]ll postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days...." Rule 1(B), Ala. R. Juv. P. We note that the August 30, 2013, order was entered well beyond 14 days after the filing of J.W.’s postjudgment motion and that J.W.’s posljudgment motion was actually denied by operation of law on April 3, 2013.

. On appeal, J.W. characterizes the document filed on December 13, 2013, as a request for a rehearing regarding the order of March 6, 2013, establishing J.W.’s paternity of the child and the order of December 12, 2012, estab-fishing his child-support obligation. Although a party has the right to request a rehearing before a judge with authority over juvenile-court matters concerning a matter heard by a referee, the party must file the request within 14 days of the fifing of the referee's findings and recommendations. § 12 — 15—106(e), (f), Ala.Code 1975. J.W.’s December 13, 2013, fifing was not filed within 14 days of December 12, 2012, or within 14 days of March 6, 2013. The juvenile court therefore properly determined that J.W.’s December 13, 2013, filing was not a request for a rehearing and that the filing was a petition to modify his child-support obligation, which commenced a new action. No party asserts that the fifing should be construed as having been filed under Rule 60, Ala. R. Civ. P.

. We note that the August 30, 2013, order purportedly dismissing T.K.’s petition in the .00 case was void because J.W.’s post-judgment motion filed on March 20, 2013, had been denied by operation of law before the order was entered on August 30, 2013. See note 1, supra.