On Rehearing Ex Mero Motu

MOORE, Judge.
This court’s February 17, 2016, order of dismissal is withdrawn, and the following is substituted therefor.
A.F. (“the father”) appeals from a judgment of the Lee Juvenile Court (“the juvenile court”). We dismiss the appeal.
On January 15, 2015, the father filed, in the juvenile court, a petition for a rule nisi, which was assigned case no. CS-14-900178.01, asserting that S.R. (“the mother”) had continuously violated every order that had been entered pursuant to his divorce from the mother; he attached to his petition a number of motions for sanctions and other relief regarding custody and visitation of the parties’ minor child, L.R.F. (“the child”). On February 17, 2015, the father filed a motion for a default judgment in case no. CS-14-900-178.01.
The father filed an objection to the relocation of the child on May 23, 2015; that objection indicates on its face that it was being filed in case no. CS-14-900178, in case no. CS-14-900178.01, and in case no. DR-14-900197 (hereinafter referred to collectively as “all three cases”). On May 27, 2015, the mother filed a motion to dismiss the father’s petition for a rule nisi and his objection to the relocation of the child; specifically, she argued that the subject of the father’s petition for a rule nisi had already been litigated and that, with regard to his objection to the child’s relocation, she had no intention of permanently moving with the child at the time of the filing of her motion to dismiss. The mother also filed a “motion to order [the] father to submit to a psychological evaluation” on May 27, 2015. Both the mother’s motion to dismiss and her motion for an order directing the father to submit to a psychological evaluation indicate that they also were being filed in all three cases. On May 28, 2015, the juvenile court entered an order, in case no. CS-14-900178.01, denying the father’s objection to the relocation of the child, which sought injunctive relief preventing the mother from relocat *513 ing with the child, as “not being ripe.” The mother filed a “renewed motion to order [the] father to submit to a psychological evaluation” on May 29, 2015; that motion indicated on its face that it was being filed in all three cases. The father filed a response to that motion, among other things, on June 1, 2015, which included, among other things, a “motion to dismiss” the mother’s motion.
On June 2, 2015, the father filed a response to the mother’s May 27, 2015, motion to dismiss the father’s petition for a rule nisi and objection to the relocation of the child, along with additional requests for relief; again, the response indicates on its face that it was being filed in all three cases. The father filed a motion for a preliminary injunction on June 23, 2015, again seeking, among other things, an order preventing the mother from relocating with the child; that motion indicated on its face that it was being filed in all three cases. On July 6, 2015, the mother filed, in all three cases, a response to the father’s June 23, 2015, motion; that response included, among other things, a request for ex parte relief. The mother sought, among other things, an order allowing her to relocate to Virginia with the child, awarding her sole legal and physical custody of the child, suspending the father’s visitation with the child or requiring that his visits be supervised, and requiring .the father to submit to a psychological evaluation. The father filed, in all three cases, a reply to the mother’s response on July 8, 2015, including, among other things, a motion to dismiss the mother’s motion to order the father to submit to a psychological evaluation or, in the alternative, require the mother and the spouses of both the mother and the father to also submit to psychological evaluations; that the juvenile court enter an order granting the father’s previous request for a preliminary injunction; and that the juvenile court enter an order directing the mother to show cause why , she should not be held in- contempt for violations of the trial court’s orders, among other things.
On August 7, 2015, the juvenile court entered an order, in case no. CS-14-900178.01, denying the father’s motion to dismiss the mother’s motions; reserving entering a judgment on the father’s objection to the mother’s relocation of the child, which would be set for a hearing; granting the mother’s motion for a psychological evaluation but requiring each party to obtain a psychological evaluation and to provide that report to the other parent; and denying the mother’s motion for ex parte relief, “at [that] time.” The father filed a motion on September 1, 2015, in case no. CS-14-900178.01, requesting the trial court to “relinquish jurisdiction to Virginia.” The mother filed a response to that motion oh September 8, 2015; that response indicates that it was filed in case no. CS-14-900178.01 and in case no. DR-14-900197. In her response, the mother also sought a finding of contempt against the father and a suspension of the father’s visitation with the child.
On September 11, 2015, the juvenile court entered, in case no. CS-14-900178.01, a judgment ordering, among other things, that the father reimburse the mother for her attorney’s fees in the amount of $4,000; that the father was prohibited from harassing the mother or coming within 100 yards of the mother, except for the exchange of the child; and that visitation between the father and the child take place within 20 miles of the mother’s residence. The juvenile court then stated that, “[h]aving ordered the same, the Court now relinquishes jurisdiction of this case and these matters are to be deemed FINALLY DISPOSED with this Court.” (Capitalization in original.) *514 On September 25, 2015, the father filed, in case no. CS-14-900178.01, a postjudgment motion; the juvenile court entered an order on October 14, 2015, purporting to grant that motion in part. The father filed, in case no. CS-14-900178.01, his notice of appeal to this court on November 18, 2015. On February 17, 2016, this court dismissed the father’s appeal as having been untimely filed. The father has filed a motion to reconsider that dismissal, which this court has elected to treat as an application for a rehearing.
“It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘The timely filing of [a] notice of appeal is a jurisdictional act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (‘an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived’).”
Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App.2007).
The present case presents circumstances similar to those that existed in R.P.M. v. P.D.A., 112 So.3d 49 (Ala.Civ.App.2012). Like in R.P.M., although the father’s notice of appeal in the present case indicates that he is appealing from a judgment entered by the Lee Circuit Court, we note that the father’s petition for a rule nisi was filed in the juvenile court and was assigned case no. CS-14-900178.01. See R.P.M., 112 So.3d at 50-51; Ala.Code 1975, § 12-15-115(a)(9). “[A] case designated with a ‘CS’ case number is considered a juvenile-court action, whether it is filed in a juvenile court or in a circuit court. See H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278-79 (Ala.Civ.App.2009).” C.W.S. v. C.M.P., 99 So.3d 864, 865 n. 1 (Ala.Civ.App.2012). Like in R.P.M., we conclude that the Alabama Rules of Juvenile Procedure govern this action. 112 So.3d at 51. Pursuant to those rules, the father’s postjudgment motion, which was timely filed on September 25, 2015, was denied by operation of law on October 9, 2015. See Rule 1(B), Ala. R. Juv. P.; and T.P. v. T.J.H., 10 So.3d 613, 614 (Ala.Civ.App.2008). Although the juvenile court purported to grant the father’s motion in part on October 14, 2015, there is no indication that the period during which the father’s postjudgment motion remained pending had been extended, see Rule 1(B), Ala. R. Juv. P.; thus, the juvenile court’s October 14, 2015, order was a nullity. See, e.g., B.L.T. v. V.T., 12 So.3d 123, 124 (Ala.Civ.App.2008). Following the denial of his postjudgment motion by operation of law, the father had 14 days to file his notice of appeal from the judgment entered in case no. CS-14-900178.01. See Rule 28(C), Ala. R. Juv. P.; and R.P.M., 112 So.3d at 51. Thus, the father’s notice of appeal had to have been filed no later than October 23, 2015, to be timely. Because the father did not file his notice of appeal until November 18, 2015, well after the 14-day period had expired, this court lacks jurisdiction to consider the father’s appeal and the appeal must be dismissed. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”); and R.P.M., 112 So.3d at 51.
In his application for a rehearing, the father asserts, among other things, that the underlying case originated with the filing of a “DR” motion by the mother to domesticate a foreign judgment and seeking emergency relief and that that “DR” case had been consolidated with case no. CS-14-900178.01, which was commenced by the father. We note, however, that there is no indication in the record on *515 appeal, either on the State Judicial Information System’s case-action-summary sheet in case no. CS-14-900178.01 or elsewhere, that case no. CS-14-900178.01 was consolidated with a “DR” case. Although many of the filings in the present case indicate that they were also filed in case no. CS-14-900178 and in case no. DR-14-900197, the September 11, 2015, judgment was entered only in case no. CS-14-900178.01. Thus, there is no indication of what action the father is referring to when he references the “DR” case, and the record on appeal does not support the father’s assertion that case no. CS-14-900178.01 and case no. DR-14-900197 were consolidated. As such, this court does not express any opinion as to whether the dismissal of the present appeal affects the rights of the father to appeal or otherwise proceed with regard to any judgments or orders entered in the “DR” case.
ON REHEARING EX MERO MOTU: ORDER OF DISMISSAL OF FEBRUARY 17, 2016, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.