Rel: September 5, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0310

_____

## V.L.

### v.

## S.J.

### Appeal from Etowah Juvenile Court
### (JU-23-124.01)

EDWARDS, Judge.

V.L. ("the mother") appeals from a judgment of the Etowah Juvenile Court ("the juvenile court") finding L.S. ("the child") dependent and awarding custody of the child to S.J. ("the paternal grandmother"). Specifically, the mother asserts that the juvenile court denied her the

statutory right to a rehearing before the juvenile court as provided in Ala. Code 1975, § 12-15-106(f). For the reasons set forth below, we reverse the juvenile court's judgment, and we remand the case for the juvenile court to conduct a rehearing.

On April 20, 2023, the paternal grandmother filed a petition in the juvenile court alleging that the child was a dependent child with respect to the mother and T.S. ("the father"). On the same day, the juvenile court assigned supervision of the matter to a juvenile-court referee ("the referee"). Also on April 20, 2023, the father filed an "Answer & Waiver," admitting to the allegations contained in the paternal grandmother's petition and agreeing that it was in the child's best interest for the paternal grandmother to be awarded "temporary legal and emergency custody" of the child. The juvenile court appointed counsel for the mother in July 2023. Very little progress occurred in the case until December 10, 2024, when the juvenile court ratified the referee's order setting the case for a "final hearing" before the referee on March 20, 2025.

At the March 2025 hearing, the mother and the paternal grandmother presented ore tenus evidence to the referee, who electronically recorded those proceedings. It is undisputed that the

2

referee did not provide the parties with its decision at the March 2025 hearing. Although the referee appears to have signed a proposed judgment containing findings of fact on March 25, 2025, there is no indication in the record that the referee properly complied with § 12-15-106(e) by transmitting the recommendation to the juvenile-court clerk for filing so that the juvenile-court clerk could serve the recommendation upon the parties.[1] Instead, it appears that the recommendation was filed with the clerk contemporaneously with the juvenile-court judge's ratification of the recommendation on March 31, 2025. In the recommendation, which became the judgment of the juvenile court upon its ratification by the juvenile-court judge, see Ala. Code 1975, § 12-15-104(g), the juvenile court found the child dependent and awarded custody

---

[1]Specifically, § 12-15-106(e)(2) provides that

"the referee ... shall transmit his or her written findings and recommendations to the clerk of the juvenile court for filing and to a judge with authority over juvenile matters for his or her signature pursuant to subsection (g). Once the clerk files the written findings and recommendations, the clerk shall send to the parties, by first class mail, copies of the findings and recommendations containing a notice informing them that they have the right to request a rehearing within 14 days of the date the findings and recommendations were filed in the office of the clerk of the juvenile court."

of the child to the paternal grandmother, subject to certain visitation awarded to the mother.

On April 4, 2025, the mother filed a motion that, among other things, requested a rehearing before the juvenile court pursuant to § 12-15-106(f). The juvenile court entered an order on April 22, 2025, "noting" the mother's motion, but it did not expressly rule on the mother's motion. On April 28, 2025, the mother filed a motion to alter, amend, or vacate the juvenile court's judgment and again argued that she was entitled to a rehearing before the juvenile court.

The juvenile court entered an order on April 29, 2025, in which it stated that

> "[a] Motion for Rehearing filed by the [m]other's attorney … is hereby noted by the Court[. T]he Court has checked with the Juvenile Referee and confirms a record of said hearing does exist. In lieu of having a re-hearing, the Court shall listen to the audio recording provided by the Juvenile Referee[;] no further testimony shall be taken.
>
> "After hearing the testimony from the Juvenile Referee's audio recording, the Court hereby confirms the Findings and Recommendations of the Juvenile Referee'[s] ruling issued on March 20, 2025.
>
> "Therefore, the Motion for Rehearing is hereby DENIED."

(Capitalization in original.)

4

The mother appeals, asserting that she was denied the statutory right to a rehearing before the juvenile court provided in § 12-15-106(f). She also asserts that she is entitled to "a full rehearing on the merits" of her case. Section 12-15-106(f) provides:

> "A rehearing before a judge with authority over juvenile court matters concerning the matter heard by the referee <u>shall</u> be scheduled if any party files a written request therefor within the time frames provided in subsection (e). ... When an adequate record has been made in the proceeding before the referee, the judge shall review the record before rehearing and <u>may</u> admit new evidence at the rehearing. If the record is not adequate, the rehearing shall be de novo."

(Emphasis added.) The paternal grandmother concedes that the mother was entitled to a rehearing before the juvenile court as a matter of statutory right.[2] We agree that the juvenile court erroneously denied the

---

[2]The paternal grandmother does not assert that the mother's motion for a rehearing was untimely filed. We note that, pursuant to Ala. Code 1975, § 12-15-106(e)(2), the mother had 14 days from the "date the findings and recommendations were filed in the office of the clerk of the juvenile court" to file her request for a rehearing. The referee signed the proposed findings and recommendation on March 25, 2025. However, it appears that the referee did not transmit the findings and recommendations to the clerk of the juvenile court as required by § 12-15-106(e)(2) and, instead, submitted the proposed findings and recommendation directly to the juvenile-court judge, who contemporaneously ratified and filed those findings on March 31, 2025. Thus, the mother had 14 days from March 31, 2025, to file her request for a rehearing before the juvenile court. See Ex parte Quarles, 197 So. 3d 499, 502-03 (Ala. Civ. App. 2015) ("A referee's findings and

mother's timely request for a rehearing. The language of § 12-15-106(f) is clear that, upon timely motion of either party, the juvenile court <u>must</u> schedule a rehearing of the matter. See <u>Ex parte D.R.</u>, 347 So. 3d 277, 280 (Ala. Civ. App. 2021) ("The juvenile court is not permitted to deny a motion for a rehearing of a matter resolved by a referee; the language of § 12-15-106(f) requires the juvenile court to schedule a rehearing of the matter and, if the record before the referee is adequate, to review that record or, if there is no adequate record of the hearing held before the referee, to proceed to a de novo hearing on the matter."); <u>Ex parte Quarles</u>, 197 So. 3d 499, 501-02 (Ala. Civ. App. 2015) ("Subsection 12-15-106(e)[, Ala. Code 1975,] repeatedly states in clear and unambiguous terms that a party has a right to a rehearing if requested within 14 days of the filing of the findings and recommendations of the referee."); <u>see</u>

---

recommendations can become a judgment of the juvenile court when they are ratified by a juvenile-court judge, but, even in that instance, if a party has promptly and sufficiently applied for a rehearing, § 12-15-106(e)[, Ala. Code 1975,] grants that party an unqualified statutory right to a rehearing which Rule 1(B)[, Ala. R. Juv. P.,] cannot effectively negate." (citations omitted)). <u>See also</u> <u>J.W. v. T.K.</u>, 203 So. 3d 93, 94 n.2 (Ala. Civ. App. 2016) (explaining that J.W.'s requests for rehearing were untimely because they were entered 14 days after the entry of the Jefferson Family Court's judgments, which ratified the findings and recommendation of the referee).

also Ex parte T.R., 4 So. 3d 487, 490 (Ala. 2008) (interpreting Ala. Code 1975, former § 12-15-6(d), the predecessor statute to § 12-15-106(f), which was substantially similar to § 12-15-106(f), and explaining that "[former] § 12-15-6 provide[s], that upon a written request for a rehearing before a judge, the trial court shall schedule and conduct a hearing, if for no other purpose, to provide a party with an opportunity to argue why the referee erred, why the record is not adequate, and/or why the record should be supplemented with additional evidence (regardless of whether there is an adequate record of the referee's proceedings)").  "Our supreme court has determined that the failure to grant a rehearing under § 12-15-106(f) cannot be harmless error."  Ex parte D.R., 347 So. 3d at 280; Ex parte T.R., 4 So. 3d at 490.  Thus, we must reverse the juvenile court's judgment and remand the case for the juvenile court to conduct a rehearing.

However, contrary to the mother's assertion in her brief on appeal, the juvenile court need not conduct a "full rehearing on the merits" of the case.  On remand, if the juvenile court concludes, as it appears that it already has, that an adequate record of the proceedings before the referee exists, the juvenile court would not be required to conduct a rehearing de

novo and would not be required to admit new evidence at the rehearing.[3]

See § 12-15-106(f); Ex parte T.R., 4 So. 3d at 490. However, the mother must be permitted the opportunity to appear before the juvenile court "to argue why the referee erred, why the record is not adequate, and/or why the record should be supplemented with additional evidence." Ex parte T.R., 4 So. 3d at 490.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.

---

[3]Of course, if an adequate record of the proceedings before the referee does not exist, the rehearing before the juvenile court must be de novo. See Ala. Code 1975, § 12-15-106(f).