The guardian appeals from an order of a juvenile court referee regarding residential care for a multiple-needs child, which modified a previous order that had been confirmed by the juvenile court judge.
On July 21, 1995, the parents of K.C., a 14-year-old boy, filed a petition in the Tuscaloosa Juvenile Court alleging that he was dependent and that they were no longer willing or able to provide for him.
After several interim proceedings, a dispositional hearing was held on October 12, 1995, before a juvenile court referee. A notation on the case action summary sheet, which was signed by the referee but not dated, states: "Disposition: Child found to be multi-need child. Child ordered for residential treatment; Three Springs Treatment [Center] program preferred with Gateway [Family and Child Services facility] as alternative with state agencies ordered to pay for services (see order for details)."
The "Notice of Findings and Recommendation of Referee," signed by the referee and dated October 19, provides that, at the dispositional hearing, the child was found to be a multi-needs child and was ordered to residential care. This order was confirmed by the juvenile court judge on November 3, by a notation on the order.
After the referee's initial dispositional order, the referee, on October 25, entered a lengthy written order stating that, because the state agencies that were to provide funding for K.C.'s residential care had contacted him after his initial order and said that they would not provide funding for residential care at Three Springs Treatment Center, he was forced to amend his order to provide for residential care placement for K.C. at the Gateway facility.
Gary L. Blume, as guardian ad litem for K.C., appeals from the referee's October 25 order. He contends that the referee erred in modifying his original order after being pressured to do so by the state agencies.
The Alabama Department of Human Resources and Department of Mental Health and Mental Retardation filed briefs on behalf of the state on appeal. The departments contend that the appeal should be dismissed.
Section 12-15-6, Ala. Code 1975, provides the guidelines for the appointment of referees to hear matters in the juvenile court. It states, in pertinent part:
 "(c) Upon the conclusion of a hearing before a referee, he shall transmit in writing his findings and recommendations for disposition to the judge. Written notice of the findings and recommendations together with copies thereof shall be given to the parties to the proceeding. The written notice shall also inform them of the right to a rehearing before the judge.
 "(d) A rehearing before the judge may be ordered by the judge at any time and shall be ordered if any party files a written *Page 1124 
request therefor within 14 days after receipt of the referee's written notice. . . . .
 "(e) If a hearing before the judge is not requested or ordered or the right thereto is waived, the findings and the recommendations of the referee, if confirmed by an order of the judge or as modified by the judge, shall become the decree of the court."
There are no cases interpreting the relevant portions of this statute.
The Department of Mental Health and Mental Retardation argues that the October 25 order from which Gary L. Blume appeals is not a final judgment of the juvenile court because it was never confirmed by the judge. We agree.
The record reveals that there were apparently three dispositional orders written by the referee, as set out earlier. There is no indication in the record that any of the referee's orders were confirmed by the juvenile court judge except the "Notice of Findings and Recommendation of Referee," which was signed by the referee and dated October 19. As stated earlier, it provides that, at the dispositional hearing, the child was found to be a multi-needs child and was ordered to residential care. This order was confirmed by the juvenile court judge on November 3, by a notation on the order.
There is no indication that the referee's separate order of October 25, which purports to modify his earlier order, was ever confirmed by the juvenile court judge. Although the judge did not confirm the referee's "notice of findings and recommendation" until after the separate October 25 order, the confirmation was made directly on the October 19 "notice of findings and recommendation" and it does not refer to any other document. Therefore, it appears that the confirmation applies only to that specific order of October 19. This is supported by the fact that the judge's confirmation of the referee's order was made on November 3, which was 15 days after the October 19 order; thereby affording the parties the required 14 days to request a rehearing before the judge pursuant to § 12-15-6(d), above. If the November 3 confirmation by the juvenile court judge applied to the October 25 order instead of the October 19 order, the parties would not have been afforded the required 14 days to request a rehearing.
The only final dispositional order of the juvenile court in this case is the order that was signed by the referee on October 19 and confirmed by the juvenile court judge on November 3. Gary L. Blume did not request a rehearing before the judge after that order was signed by the referee and did not appeal that order after the juvenile court judge confirmed it. Because the referee's October 25 order from which Gary L. Blume appeals was not a final order of the juvenile court pursuant to § 12-15-6(e), this appeal is dismissed.
APPEAL DISMISSED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.