YATES, Presiding Judge.
D.L. (“the father”) petitioned the court on December 19, 2000, to terminate his child-support obligation as to his daughter E.L., contending that the daughter was emancipated. An ore tenus proceeding was held before a juvenile court referee on April 30, 2001. On that same day, the referee made certain findings of fact and denied the father’s petition to terminate child support. On May 2, 2001, the father filed a motion for reconsideration, which the court denied on May 14, 2001. On June 28, 2001, the father filed his notice of appeal to this court. However, the record indicates that the juvenile court referee’s findings and order of April 30 were not confirmed by the juvenile court judge until July 26, 2001. This appeal presents a timeliness issue. On October 16, 2001, this court entered an order concluding that the appeal was timely filed.
We must first consider whether this court has jurisdiction over this appeal. “ ‘Jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
Section 12-15-6, Ala.Code 1975, sets forth the guidelines for the appointment of referees to hear matters in the juvenile court. Section 12-15-6 states, in part:
“(c) Upon the conclusion of a hearing before a referee, he shall transmit in writing his findings and recommendations for disposition to the judge. Written notice of the findings and recommendations together with copies thereof shall be given to the parties to the proceeding. The written notice shall also inform them of the right to a rehearing before the judge.
[[Image here]]
“(e) If a hearing before the judge is not requested or ordered or the right thereto is waived, the findings and recommendations of the referee, if confirmed by an order of the judge or as *129 modified by the judge, shall become the decree of the court.”
A juvenile court referee’s order is not a final judgment, and, therefore, not appealable until it is confirmed by a juvenile court judge. Blume v. State, 678 So.2d 1122 (Ala.Civ.App.1996). Thus, the father’s notice of appeal filed on June 28, 2001, was premature because it was filed before a final appealable judgment had been entered in this case. A notice of appeal filed prematurely before a final judgment is entered has no effect and will not confer jurisdiction upon an appellate court. McCoy v. Garren, 384 So.2d 1113 (Ala.Civ.App.1980); Miles v. State, 822 So.2d 468 (Ala.Crim.App.2000); and Ex parte Andreios, 520 So.2d 507 (Ala.1987). Accordingly, this appeal is due to be dismissed.
The father’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially.