C.P. sued the Fairfield Board of Education in the juvenile court, alleging that his daughter, Cr.P., who had been suspended from school for three days, had been denied substantive due process.[1] C.P. sought to have the suspension reversed and expunged from Cr.P.'s record.
The Board answered, moved to dismiss, and requested attorneys' fees and costs, pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975. The Board's motion to dismiss was set for a hearing on December 1, 2006. On that date, C.P. appeared and requested a continuance, stating that he had dismissed his attorney the day before the hearing and needed to "get an attorney to represent [him]." L.B. Powell, the person purporting to act as the juvenile court judge, denied C.P.'s motion for a continuance, heard the Board's argument on the merits of its motion to dismiss, granted the Board's motion, and awarded the Board an attorney fee of $1,200.
On December 14, 2006, C.P. filled out a form entitled "Request for Rehearing (Appeal from Referee to Judge)." The form appears in the record as an unfiled document. On the same date, C.P. filed a notice of appeal to this court. The record does not indicate that C.P.'s "Request for Rehearing" was ever acted upon. On appeal to this court, C.P. argues, among other things, that his "Request for Rehearing (Appeal from Referee to Judge)" should have been granted.
C.P. contends that L.B. Powell, the person who denied his motion for a continuance, granted the Board's motion to dismiss, and awarded the Board an attorney fee, is a referee — a licensed attorney appointed pursuant to § 12-15-(a), Ala. Code 1975 — but is not a judge as required by Rule 13(A), Ala. R. Jud. Admin. That rule states:
 "The presiding circuit judge may temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit."
The record contains a December 1, 2006, "Order" signed by L.B. Powell over a signature line designated as follows: "Signature of Judge/Referee." Notwithstanding Powell's designation of himself as a "judge," the official records maintained by the Administrative Office of Courts indicate that L.B. Powell is an attorney who is *Page 984 
paid as a full-time referee; he is not a judge.
Section 12-15-6, Ala. Code 1975, deals with referees. Subsection (a) provides for the appointment of referees in juvenile proceedings. That section states:
 "(a) The judge may appoint one or more persons to serve as referees on a full-time or part-time basis subject to approval of the administrative director of courts. Referees shall be licensed to practice law in this state; provided, that referees serving as such for 10 or more years on January 16, 1977, will not be required to be members of the bar of this state."
Subsection (b) sets out the circumstances in which a referee may conduct hearings:
 "(b) The judge may direct that hearings in any case or class of cases be conducted in the first instance by a referee unless:
 "(1) The hearing is one to determine whether a case shall be transferred for criminal prosecution; or
 "(2) A party objects to the hearing being held by a referee."
Subsections (c) through (e) set out the procedure for "finalizing" the findings and recommendations of a referee:
 "(c) Upon the conclusion of a hearing before a referee, [the referee] shall transmit his findings and recommendations for disposition to the judge. Written notice of the findings and recommendations together with copies thereof shall be given to the parties to the proceeding. The written notice shall also inform them of the right to a rehearing before the judge.
 "(d) A rehearing before the judge may be ordered by the judge at any time and shall be ordered if any party files a written request therefor within 14 days after receipt of the referee's written notice. Upon rehearing, when adequate records have been kept in the proceedings before the referee, the court shall review the record and, in the discretion of the judge, may admit new evidence. If the referee has not kept adequate records, the rehearing shall be de novo.
 "(e) If a hearing before the judge is not requested or ordered or the right thereto is waived, the findings and recommendations of the referee, if confirmed by an order of the judge or as modified by the judge, shall become the decree of the court."
Because Referee Powell's order was neither confirmed by a judge nor reheard by a judge, the order was not a final judgment and was, therefore, not appealable. "A juvenile court referee's order is not a final judgment, and, therefore, not appealable until it is confirmed by a juvenile court judge."D.L. v. T.A., 827 So.2d 127, 129 (Ala.Civ.App. 2002).See also Blume v. State, 678 So.2d 1122
(Ala.Civ.App. 1996).
The appeal is due to be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] Pursuant to § 12-15-30(c)(2), Ala. Code 1975, the juvenile court has original jurisdiction in proceedings
 "[w]here it is alleged that a child's rights are improperly denied or infringed in proceedings resulting in suspension, expulsion or exclusion from a public school."