THOMAS, Judge,
dissenting.
I respectfully dissent. On appeal, T.R. asserts, among other things, that the trial court’s failure to grant her a rehearing pursuant to § 12 — 15—6(d), Ala.Code 1975, and Rule 2.1(E), Ala. R. Juv. P., was reversible error. In the no-opinion order of affirmance, this court cites Rule 45, Ala. R.App. P., and Historic Blakely Authority v. Williams, 675 So.2d 350, 352 (Ala.1995) (a case holding that, under certain circumstances, the failure to conduct a hearing pursuant to Rule 59(g), Ala. R. Civ. P., on a postjudgment motion is harmless error), implying that the trial court’s failure to grant T.R. a rehearing in this case was harmless error. I simply do not believe that the harmless-error analysis applicable to Rule 59(g), Ala. R. Civ. P., applies to the special circumstance in which a party *486 whose case was initially heard by a referee requests a rehearing by a judge.
Section 12-15-6, Ala.Code 1975, deals with referees. Subsection (a) provides for the appointment of referees in juvenile proceedings. That section states:
“(a) The judge may appoint one or more persons to serve as referees on a full-time or part-time basis subject to approval of the administrative director of courts. Referees shall be licensed to practice law in this state; provided, that referees serving as such for 10 or more years on January 16, 1977, will not be required to be members of the bar of this state.”
Subsection (b) sets out the circumstances in which a referee may conduct hearings:
“(b) The judge may direct that hearings in any case or class of cases be conducted in the first instance by a referee unless:
“(1) The hearing is one to determine whether a case shall be transferred for criminal prosecution; or
“(2) A party objects to the hearing being held by a referee.”
Subsections (c) through (e) set out the procedure for “finalizing” the findings and recommendations of a referee:
“(c) Upon the conclusion of a hearing before a referee, [the referee] shall transmit in writing his findings and recommendations for disposition to the judge. Written notice of the findings and recommendations together with copies thereof shall be given to the parties to the proceeding. The written notice shall also inform them of the right to a rehearing before the judge.
“(d) A rehearing before the judge may be ordered by the judge at any time and shall be ordered if any party files a umtten request therefor within 14 days after receipt of the referee’s written notice. Upon rehearing, when adequate records have been kept in the proceedings before the referee, the court shall review the record and, in the discretion of the judge, may admit new evidence. If the referee has not kept adequate records, the rehearing shall be de novo.
“(e). If a hearing before the judge is not requested or ordered or the right thereto is waived, the findings and recommendations of the referee, if confirmed by an order of the judge or as modified by the judge, shall become the decree of the court.”
(Emphasis added.) This court has recently indicated that the foregoing statute relating to the authority of a referee should be strictly construed so that the line between a judge and a referee is not blurred. See C.P. v. Fairfield Bd. of Educ., 975 So.2d 982 (Ala.Civ.App.2007).
I think it can reasonably be assumed that, in enacting § 12-15-6, our legislature envisioned that, although referees could perform vital functions to assist trial judges, they were not to become substitutes for trial judges. Accordingly, I think it is reasonable to conclude that the legislature intended that, when a party whose case was initially heard by a referee requests a rehearing before a judge, the party has the absolute right to a rehearing and that the denial of that right is not subject to a harmless-error analysis.
MOORE, J., concurs.