THOMAS, Judge.
A.C. appeals from a judgment of the Franklin Juvenile Court adjudicating E.C.N. dependent, insofar as the juvenile court, in its judgment, failed to make certain findings of fact requested by A.C. We dismiss the appeal for want of subject-matter jurisdiction.
E.C.N. was born in Mexico on February 8, 1993. In 2009, his mother, who had been E.C.N.’s primary caregiver, died. E.C.N.’s father, S.C.N., abandoned E.C.N. and his siblings, leaving them with no means of support. E.C.N. lived with an aunt for a short time; however, she could not provide for E.C.N. E.C.N. then left his small, impoverished village in Mexico and crossed the border into the United States. He was detained by the United States Citizenship and Immigration Services (“USCIS”) and then released into the custody of his brother, A.C., while awaiting further action by the USCIS. A.C. is an adult, legal, permanent resident of the United States who lives in Russellville.
On January 21, 2011, A.C. petitioned the juvenile court to declare E.C.N. dependent and to award A.C. custody of E.C.N. In his brief in support of his dependency petition, A.C. requested that the juvenile court make certain findings of fact that would allow E.C.N. to apply to the USCIS for “special immigrant” status, as defined in 8 U.S.C. § 1101 (a)(27)(J)-[1] The juvenile court held hearings on A.C.’s dependency petition on February 7, 2011, and on June 20, 2011. On September 19, 2011, the juvenile court entered a judgment adjudicating E.C.N. dependent and awarding custody of E.C.N. to A.C.; however, the judgment did not contain the detailed findings of fact that were required for E.C.N. to apply for special immigrant status with the USCIS. A.C. filed a postjudgment motion requesting that the juvenile court amend its judgment to include the requested findings of fact; A.C.’s postjudgment motion was denied by operation of law. A.C. subsequently appealed to this court.
Before we can address the merits of A.C.’s argument on appeal — whether the juvenile court erred by not including the requested findings of fact in its judgment — we must first address the question whether the juvenile court had subject-matter jurisdiction to enter its judgment. This is so because jurisdictional matters are of such magnitude that this court is permitted to notice a lack of jurisdiction ex mero motu. See Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003).
Juvenile courts “exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent ....”§ 12-15-114(a), Ala.Code 1975. A “dependent child” is defined by the Alabama Code as:
“A child who has been adjudicated dependent by a juvenile court and is in need of care or supervision and meets any of the following circumstances:
*779 “1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in subdivision (2) of Section 12-15-301 or neglect as defined in subdivision (4) of Section 12-15-301, or allows the child to be so subjected.
“2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.
“3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide or allow medical, surgical, or other care necessary for the health or well-being of the child.
“4. Whose parent, legal guardian, legal custodian, or other custodian fails, refuses, or neglects to send the child to school in accordance with the terms of the compulsory school attendance laws of this state.
“5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child, as defined in subdivision (1) of Section 12-15-301.
“6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child.
“7. Who has been placed for care or adoption in violation of the law.
“8. Who, for any other cause, is in need of the care and protection of the state.”
§ 12-15-102(8)a., Ala.Code 1975. In order for a child to be adjudicated a dependent child, he or she must meet the definition of the term “child,” as defined in connection with juvenile-court dependency proceedings. The term “child” is defined by § 12-15-102(3) thusly: “An individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual’s 18th birthday....” Thus, according to the definition of “child,” a person can be adjudicated a dependent child only if that person is under the age of 18.
In this case, E.C.N. was 17 years old at the time A.C. filed his dependency petition; however, E.C.N. turned 18 years old on February 8, 2011, approximately 7 months before the juvenile court entered its judgment adjudicating him dependent. Once E.C.N. attained the age of 18 without having been adjudicated a dependent child, he was no longer a child as that term is defined by § 12-15-102(3); therefore, he was also no longer capable of being a dependent child as that term is defined in § 12-15-102(8)a. Because juvenile courts have subject-matter jurisdiction in dependency cases only in cases in which a child is alleged to be dependent, see § 12-15-114, and because E.C.N. was no longer a child as of February 8, 2011, the juvenile court lost jurisdiction to adjudicate E.C.N. dependent on that date.[2]
Because the juvenile court lacked subject-matter jurisdiction over A.C.’s dependency petition at the time it entered its judgment, its judgment is void. Riley v. Pate, 3 So.3d 835, 838 (Ala.2008). “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. *780 Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Thus, we dismiss A.C.’s appeal, and we instruct the juvenile court to vacate its September 19, 2011, judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. 8 U.S.C. § 1101(a)(27)(J) provides, in pertinent part, that the term “special immigrant" includes
"an immigrant who is present in the United States—
"(i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant’s parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law."

. We note that once a juvenile court has adjudicated a child a dependent child, it has continuing jurisdiction over the dependent child until he or she attains the age of 21 unless the juvenile court has terminated its jurisdiction over the case. See § 12-17-117, Ala.Code 1975.