THOMAS, Judge.
E.C.D. appeals from a judgment of the Franklin Juvenile Court adjudicating P.D.R.D. (“the child”) dependent, insofar as the juvenile court, in its judgment, failed to make certain findings of fact. Because the juvenile court did not address all the issues presented before it, we determine that judgment is nonfinal and dismiss the appeal.
The child was born in Guatemala on November 23, 1994. When the child was 11 years old, he stopped attending school and began working in construction in order to help support his family.[1] The child’s parents cannot provide basic necessities such as food, clothing, or health care. The child’s home in Guatemala does not have indoor plumbing, and the closest hospital is a 40-minute walk from the home. At the age of 16, the child traveled unaccompanied from Guatemala through Mexico to the United States. On or about May 16, 2011, he was arrested by the United States Citizenship and Immigration Services (“USCIS”) when he crossed the United States border into Texas. The child was eventually released into the care of E.C.D., the child’s half brother.[2] E.C.D. is an adult, legal, permanent resident of the United States who lives in Franklin County, Alabama.
On November 28, 2011, E.C.D. petitioned the juvenile court to declare the child dependent and to award E.C.D. custody of the child. The juvenile court held a hearing on E.C.D.’s dependency petition on July 31, 2012. According to the record, E.C.D. orally requested at the dependency *35 hearing and in a bench memorandum that the juvenile court make certain findings of fact that would allow the child to apply to the USCIS for “Special Immigrant Juvenile” (“SIJ”) status, as defined in 8 U.S.C. § 1101(a)(27)(J). In the bench memorandum, E.D.C. specifically requested that the juvenile court, in addition to finding the child dependent, also find that:
“The child’s reunification with one or both parents is not viable due to abuse, neglect, or abandonment or a similar basis found under state law; and
“It is not in the child’s best interest to be returned to his or her country of nationality or last habitual residence.”
On August 3, 2012, the juvenile court entered a judgment adjudicating the child dependent and awarding custody to E.C.D. The judgment included the following findings of fact:
“Based on the testimony, the minor child’s father does not have full-time employment due to an illness (diabetes). The child’s mother does not work because there are no jobs for women where they live. His home in Guatemala has an outside bathroom. The closest hospital is a 40-minute walk from his home. The minor child quit school when he was eleven years old and began working with his father and doing construction work. He testified he cannot go back to school at the present time and his parents cannot take care of him because of their financial situation. He left Guatemala when he was 16 years old to come to the United States to get a job to send money back to his family in Guatemala.”
However, the judgment did not contain the detailed findings of fact that were required for the child to apply for SIJ status with the USCIS. E.C.D. appealed to this court on August 16, 2012.
E.C.D. does not challenge the juvenile court’s affirmative findings. Rather, he argues in his brief that the juvenile court erred by failing to include the findings necessary for the child to apply for SIJ status and remain in the United States. This is an issue of first impression in Alabama.
Special-immigrant-juvenile status is a pathway for alien children to lawful permanent residency. 8 U.S.C § 1101(a)(27)(J); 8 C.F.R. § 204.11. In order to petition the USCIS for SIJ status, an immigrant child must be under the age of 21 and unmarried. 8 C.F.R. § 204.11(c). The child must have been declared dependent by a state juvenile court, 8 U.S.C. § 1101(a)(27)(J), and the juvenile court must have made two additional findings: (1) that “reunification with 1 or both of the immigrant’s parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law” and (2) that “it would not be in the alien’s best interest to be returned to the alien’s or parent’s previous country of nationality or country of last habitual residence.” 8 U.S.C. § 1101(a)(27)(J)(i) and (ii); see also 8 C.F.R. § 204.11. The state juvenile court determines whether the evidence supports the required findings under 8 U.S.C. § 1101(a)(27)(J); however, the final decision regarding SIJ status rests with the federal government. 8 U.S.C. § 1101 (a) (27) (J) (iii).
Although neither our supreme court nor this court have been called upon to address this issue, we find the reasoning of the Georgia Court of Appeals in In re J.J.X.C., 318 Ga.App. 420, 734 S.E.2d 120 (2012), instructive. The facts in J.J.X.C. are parallel to the case at bar. In J.J.X.C., that court concluded that “the juvenile court is charged with making the factual inquiry relevant to SIJ status when an unmarried, resident alien child is found to *36 be dependent on the court.” 318 Ga.App. at 420, 734 S.E.2d at 123-24 (footnote omitted). A juvenile court’s failure to include the findings relevant to SIJ status “effectively terminates the application for legal permanent residence, clearly affecting a substantial right” of the child. In re Interest of Luis G., 17 Neb.App. 377, 385, 764 N.W.2d 648, 654 (2009).
This court is unable to determine whether the absence of the SIJ-status findings in the juvenile court’s judgment was an implied denial or simply an oversight. We do not express an opinion as to the merits of this case; it is the purview of the juvenile court to determine whether sufficient evidence was presented to satisfy the SIJ-status requirements. However, this is a special circumstance “where a state juvenile court is charged with addressing an issue relevant only to federal immigration law,” J.J.X.C., 318 Ga.App. at 420, 734 S.E.2d at 124; we can neither affirm nor reverse without some indication that the juvenile court addressed the SIJ-status issues.
“Even though this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. ‘“Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.” ’ Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004)). ‘The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.’ Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (citing Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979)). ‘[A] final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’” Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ. App.1986)).”
Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008).
As we previously explained, E.C.D. specifically asked the juvenile court to make findings of fact regarding the SIJ-status requirements both in a bench memorandum and orally at the dependency hearing. We conclude that the juvenile court’s failure to include such findings in its judgment renders the August 3, 2012, judgment nonfinal. Accordingly, we dismiss the appeal with instructions to the juvenile court to make the findings regarding the SIJ-status requirements set out in 8 U.S.C. § 1101(a)(27)(J).
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN' and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. The child’s father suffers from diabetes and is unable to work; the child’s mother does not work because there are no jobs for women in the area where she lives.

. The child and E.C.D. share the same mother but have different fathers.