GUIDRY, J.
| ¡.Petitioner, Kimberly Jimenez,[1] appeals from a district court judgment dismissing her petition for finding of eligibility for special immigrant juvenile status. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Petitioner is an eighteen-year-old[2] undocumented alien originally from Guatemala who turned herself in to federal immigration authorities when she crossed the Texas border in 2014. On April 17, 2015, petitioner filed a petition for finding of eligibility for special immigrant juvenile status in the Thirty-Second Judicial District Court for the Parish of Terrebonne, where she had resided since June 2014, *1219 Petitioner alleged that at the time she crossed the border, she was an unaccompanied alien child pursuant to the Homeland Security Act of 2002, 6 U.S.C.A. 279(g)(2); that the Immigration and Nationality Act provides that persons under the age of twenty-one who enter the United States as unaccompanied alien children are eligible for special immigrant juvenile status; and that the district court had juvenile jurisdiction within the meaning of 8 U.S.C.A, § 1101(a)(27)(J) to make judicial determinations about petitioner’s eligibility for special immigrant juvenile status.
On motion of the petitioner, the matter was set for hearing on June 19, 2015. Counsel for petitioner thereafter sought and was granted a continuance, and the matter was reset for August 7, 2015.[3] When petitioner and her counsel failed to appear at the hearing, the district court, exercising its juvenile jurisdiction, Isdismissed the petition after noticing on its own motion no right of action on the part of the petitioner to institute the suit.
Thereafter, on August 21, 2015, petitioner filed a motion to reconsider dismissal of case and/or in the alternative for a new trial, which the district court denied. The district court subsequently signed a judgment on October 19, 2015, dismissing without prejudice petitioner’s petition for finding of eligibility for special immigrant juvenile status. Petitioner now appeals from the district court’s judgment.
DISCUSSION
In 1990, Congress enacted the special immigrant juvenile • provisions of the Immigration and Nationality Act, 8 U.S.C. § 1001(a)(27)(J),[4] which allows immigrant juveniles, or any person acting on their behalf, to petition the United States Citizenship and Immigration Services for special immigrant juvenile status. To be eligible for special immigrant juvenile status,[5] an immigrant juvenile must |4first *1220 obtain an order from a state juvenile court finding that the juvenile satisfies certain criteria. See 8 C.P.R. § 204.11(a). Pursuant to 8 C.F.R. § 204.11(a), a juvenile court is defined as “a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles.”
Louisiana Children’s Code articles 302 and 303 give juvenile courts, and district courts exercising original juvenile jurisdiction, exclusive jurisdiction over children and minors. Children and minors are defined by the Code as persons who have not attained the age of eighteen years. La. Ch. C. arts. 116(3) and (14). It is undisputed that the petitioner in the instant case was eighteen years of age when she filed her petition for finding of eligibility for special immigrant juvenile status with the district court. Accordingly, under Louisiana law, the district court did not have juvenile jurisdiction to make the requested finding. Therefore, because the federal immigration law only gives a juvenile court jurisdiction to hear the matter if the juvenile court would have jurisdiction under state law, the district court in the instant case lacked subject matter jurisdiction to consider the petition filed by petitioner.[6] See A.C. v. In re E.C.N., 89 So.3d 777, 778 (Ala.Civ.App.2012); see also In re J.L.E.O., 14-10-00628-CV (Tex.App. Houston 14th Dist. 2/24/11), 2011 WL 664642 (mem. op. not designated for publication).
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court dismissing petitioner’s petition for finding of eligibility for special immigrant juvenile status. All costs of this appeal are assessed to Kimberly Jimenez.
AFFIRMED.
CHUTZ, J., concurs.

. The only party at issue in this appeal is Kimberly Jimenez.

. Petitioner was eighteen years old at the time she initiated this proceeding in 2015.

. The record reflects that counsel for petitioner fax filed a motion for continuance on August 4, 2015, with the clerk of court receiving and filing the original motion on August 6, 2015. However, the district court judge did not receive the original motion until August 10, 2015, after he had dismissed petitioner’s action. The district court, accordingly, denied the motion to continue.

. 8 U.S.C. § 1001(a)(27)(J) provides, in part, that the term "special immigrant” means an immigrant who is present in the United States—
(i)who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State of juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien’s best interest to be returned to the alien’s or parent's previous country of nationality or country of last habitual residence [....]

.8 C.F.R. § 204.11(c) provides, in part;
Eligibility. An alien is eligible for classification as a special immigrant juvenile under section 101(a)(27)(J) of the Act if the alien;
(1) Is under twenty-one years of age;
(2) Is unmarried;
(3) Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;
(4) Has been deemed eligible by the juvenile court for long-term foster care;
(5) Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and
(6) Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would *1220 not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents;

. Subject matter jurisdiction cannot be waived by the parties, and the lack thereof can be raised at any time and at any stage of the action and may be recognized by the court on its own motion. La. C.C.P. art. 3; see Joseph v. Ratcliff, 10-1342, p. 5 (La.App. 1st Cir.3/25/11), 63 So.3d 220, 224.