Rel: May 17, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0812

_____

## In re O.J.G.-O.

## Appeal from Lee Juvenile Court
## (JU-23-228.01)

HANSON, Judge.

This appeal arises from a dependency petition filed in the Lee Juvenile Court ("the juvenile court") in July 2023 concerning O.J.G.-O. ("the minor"), a Honduran national born on November 4, 2005; in the petition, the minor's paternal half-brother, D.H.G.-R. ("the petitioner"), averred that the minor had been informed upon his having attained the age of 16 years that he was to "leave home" and to "take care of himself,"

after which he traveled to the United States and was apprehended by immigration authorities, who sent him to live with the petitioner in Alabama. Simultaneously with the filing of the petition, the father and the mother of the minor filed answers and waivers (translated into English from the Spanish language widely spoken and read in Honduras) admitting that the allegations of the dependency petition were true and agreeing that the petitioner should be awarded custody of the minor.

The juvenile court appointed an interpreter in the case and set an initial hearing on the petition for October 3, 2023. That hearing was held before a juvenile-court referee, who, pursuant to Ala. Code 1975, § 12-15-106(e)(1), thereafter prepared a document containing written findings and recommendations in the form of a proposed pendente lite order determining that the court had jurisdiction to hear the petition, that the allegations of the petition were true, that the petitioner would be awarded custody of the minor pending further court orders, that the Lee County Department of Human Resources was to supervise the case and ensure compliance, that a home study was to be undertaken of the petitioner's home by a licensed social worker, and that an "adjudicatory hearing" would take place on October 31, 2023. The referee's findings

and recommendations were ratified by a judge of the juvenile court on October 20, 2023, thereby rendering that document a pendente lite order of that court pursuant to Ala. Code 1975, § 12-15-106(g), and the order was entered on October 25, 2023.

On October 31, 2023, an adjudicatory hearing was held at which the minor and the petitioner each testified via an interpreter in response to questioning by the petitioner's attorney, the minor's guardian ad litem, and the juvenile court. After that hearing, a proposed final judgment was transmitted to the juvenile court that, if the juvenile court had elected to render it, would have determined the minor to be dependent and would have placed him in the custody of the petitioner. However, on November 5, 2023, the day after the minor attained the age of 18 years, the juvenile court entered a judgment that did not make a determination of dependency as requested by the petitioner but, instead, purported to relieve the minor of disabilities of nonage by declaring him an adult with the right to sue and be sued. The petitioner moved to alter or amend the judgment pursuant to Rule 59(e), Ala. R. Civ. P., and filed a notice of appeal from the November 5, 2023, judgment; that appeal ripened upon the denial of the postjudgment motion by operation of law pursuant to

3

Rule 1(B), Ala. R. Juv. P. We have jurisdiction to consider the appeal pursuant to Rule 28(A)(1)(c)(ii), Ala. R. Juv. P., because a court reporter was present at the adjudicatory hearing.

The petitioner contends in his brief on appeal that the juvenile court's November 5, 2023, judgment is due to be reversed for two reasons: (1) the juvenile court did not have jurisdiction to relieve the minor of disabilities of nonage, and (2) the juvenile court failed to make certain findings in its judgment that would comport with regulations promulgated by a federal agency (United States Citizenship and Immigration Services) governing "special immigrant juveniles" for purposes of immigrant classification (8 C.F.R. § 204.11). We agree with the petitioner that the juvenile court lacked subject-matter jurisdiction to relieve the minor of disabilities of nonage because no petition seeking such relief was filed by the minor, a guardian of the minor, or the minor's parents. See Ala. Code 1975, § 26-13-1 (specifying those circumstances "and none other" that authorize juvenile courts to relieve minors over the age of 18 years from disabilities of nonage), and Hutchinson v. Till, 212 Ala. 64, 65, 101 So. 676, 676 (1924) (stating that jurisdiction conferred by predecessor to § 26-13-1 "is statutory and limited" and that "[t]he facts

4

showing jurisdiction must affirmatively appear").  However, we likewise conclude that the juvenile court, by virtue of the minor's having attained the age of 18 years on the day before the entry of that court's final judgment, lost its former subject-matter jurisdiction so as to prevent it from further addressing the minor's status in the manner sought by the dependency petition.  In <u>In re E.C.N.</u>, 89 So. 3d 777 (Ala. Civ. App. 2012),[1] a dependency petitioner (A.C.) sought to appeal from a judgment declining to make determinations pertinent to "special immigrant" status regarding a minor (E.C.N.) who had reached the age of 18 years before entry of a final judgment:

> "In this case, E.C.N. was 17 years old at the time A.C. filed his dependency petition; however, E.C.N. turned 18 years old on February 8, 2011, approximately 7 months before the juvenile court entered its judgment adjudicating him dependent.  Once E.C.N. attained the age of 18 without having been adjudicated a dependent child, he was no longer a child as that term is defined by § 12-15-102(3)[,Ala. Code 1975]; therefore, he was also no longer capable of being a dependent child as that term is defined in § 12-15-102(8)a [,Ala. Code 1975]. Because juvenile courts have subject-matter jurisdiction in dependency cases only in cases in which a child is alleged to be dependent, <u>see</u> § 12-15-114,[,Ala. Code 1975,] and because E.C.N. was no longer a child as of

_____

[1]The case cited is reported under the style <u>A.C. v. In re E.C.N.</u>; however, it is axiomatic that "In re E.C.N." was not an "adverse party" capable of classification as an appellee under Rule 3(c), Ala. R. App. P., so as to warrant inclusion in an adversarial style.

February 8, 2011, the juvenile court lost jurisdiction to adjudicate E.C.N. dependent on that date."

89 So. 3d at 779.

The only notable difference between the situation of the minor in this case and the minor in In re E.C.N. is that the juvenile court in this case entered a pendente lite order on October 20, 2023, determining the minor to be a dependent child based upon the findings and conclusions proposed by the referee of that court. At the time that the juvenile court did so, it had subject-matter jurisdiction to do so because the minor was then still a "child" under the age of 18 years. Although the petitioner contends that the juvenile court's pendente lite order (in which that court determined that the allegations of the dependency petition were true) constitutes an "adjudication" of dependency within the scope of Ala. Code 1975, § 12-15-117(a), so as to cause the jurisdiction of the juvenile court to persist until the minor attained the age of 21 years, "[a] pendente lite order is one that is effective only during the pendency of litigation in an existing case." J.N.T. v. T.T.S., [Ms. CL-2023-0200, Jan. 26, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024); see also Rule 54(b), Ala. R. Civ. P. ("providing that in the absence of [an express] determination and [an express] direction" effecting entry of a final judgment as to at least one

6

claim, "any order or ... decision ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties"; rather, "the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). Indeed, the pendente lite order itself acknowledged that "adjudication" within the scope of § 12-15-117(a) had not yet occurred because the juvenile court directed in that order that an "adjudicatory [h]earing" would be held on October 31, 2023, and that a home study was due to be undertaken as to the propriety of the petitioner's home for potential custody purposes.

In sum, we hold that, pursuant to In re E.C.N., supra, the minor's attainment of the age of 18 years terminated, as a matter of Alabama law, the juvenile court's subject-matter jurisdiction to act any further on the matter of the minor's dependency status, which was the sole subject of the pleading filed by the petitioner on the minor's behalf; further, that court, in rendering and entering its final judgment, acted outside the scope of its jurisdiction in relieving the minor of the disabilities of nonage in the absence of a proper petition seeking such relief under § 26-13-1,

7

Ala. Code 1975. The November 5, 2023, judgment, having been entered in the absence of subject-matter jurisdiction, will not support an appeal therefrom. See In re E.C.N., 89 So. 3d at 779-80. The petitioner's appeal is, therefore, dismissed.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.