Rel: July 3, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0140

_____

## In re: M.R.R.-M.

## Appeal from Montgomery Juvenile Court
## (JU-24-583.01)

HANSON, Judge.

M.I.R.-M. ("the sister") appeals from a judgment entered by the Montgomery Juvenile Court ("the juvenile court") purporting to declare M.R.R.-M. to be dependent. Because the juvenile court lacked the authority to declare M.R.R.-M. dependent, we must dismiss the appeal with instructions to the juvenile court to vacate its void judgment.

Facts and Procedural History

On October 29, 2024, the sister, an adult, filed a petition seeking to declare M.R.R.-M. (born in 2007) to be dependent. In her petition, the sister alleged that M.R.R.-M. was without a parent to provide for her support, training, or education because their mother had died in 2013 and their father had died in 2018; that M.R.R.-M. was born in Guatemala and had lived with her siblings in Guatemala until they could no longer care for her; that M.R.R.-M. had traveled to the United States in 2023; that M.R.R.-M. had been detained by the United States Immigration and Customs Enforcement Agency and later released into the custody of another relative; that the relative was no longer able to care for M.R.R.-M.; and that M.R.R.-M. had been in the care of the sister since October 2023. The sister asked the juvenile court to find that M.R.R.-M.'s parents were "incapacitated" as defined in § 12-15-301(10), Ala. Code 1975; that reunification was not a viable alternative because of the parents' deaths; and that it was not in M.R.R.-M.'s best interest to return her to Guatemala. The sister sought custody of M.R.R.-M.

On November 1, 2024, the juvenile court entered order requiring the Montgomery County Department of Human Resources ("DHR") to

investigate the sister's petition. On November 25, 2024, DHR filed a summary of its findings with the juvenile court. On December 19, 2024, a final hearing was held on the dependency petition before a referee pursuant to § 12-15-106, Ala. Code 1975. At the hearing, the attorney for the sister asked that the referee make certain findings in order for M.R.R.-M. to qualify for a juvenile visa under federal law. Following the hearing, the referee, on December 27, 2024, entered the following pertinent findings and recommendations:

> "The Court heard testimony that the child resides with the petitioner, who is the child's older sister, in Montgomery County, Alabama. The child's parents are both deceased, and the child therefore cannot be reunified with either of her parents. The child is a native citizen of Guatemala. The child came to the United States in or around September 2023 after the death of her parents. The child's other family in Guatemala were unable to care for or provide for the child. The child testified that no custody or other similar legal determination has been made pertaining to her since the death of her parents. The child's parents apparently did not have any kind of plan in place concerning provisions for her, continued support for her, or the appointment of any guardian or legal custodian of the child in the event of their deaths. The child is without a parent or legal guardian able to provide her support, training, or education. It is not in the child's best interests for her to return to Guatemala due to dangerous and impoverished conditions the child came from. The child now enjoys many benefits not available to her in Guatemala and feels safe and happy living in the care of the petitioner.

"[DHR] conducted a home evaluation of the petitioner's home and submitted two reports which were filed on November 25, 2024, and on December 3, 2024. The home seems suitable. Hon. Raymond Johnson, the Guardian ad Litem, provided a recommendation to the Court that the Dependency Petition filed in this matter be granted.

"Based upon the relevant and material evidence, testimony, and arguments presented to the Court, the Court makes findings and recommendations as follows:

"1. That the child, [M.R.R.-M.,] [who was born in 2007], is dependent pursuant to § 12-15-102(8), Ala. Code (1975) in that there is no parent, legal guardian, or custodian able or willing to discharge responsibilities for the child;

"2. That the child's parents are both deceased and are therefore unable and unavailable to perform their regular and expected functions of care and support for the child, rendering them to have 'Parental Incapacity,' as that term is defined by § 12-15-301(10), Ala. Code (1975);

"3. That §§ 12-15-301(1), (9), and (10), Ala. Code (1975), under the Title, Dependency and Termination of Parental Rights, respectively define the terms 'Abandonment,' 'Neglect,' and 'Parental Incapacity,' and each is a basis for a finding of dependency under the laws of the State of Alabama. Additionally that, because the child's parents died without any kind of plan in place concerning provisions for the child, continued support for the child, or the appointment of any guardian or legal custodian of the child in the event of their deaths, the Court hereby finds that the 'Parental Incapacity' of the child's parents in this matter constitutes a similar basis as

4

'Abandonment' and 'Neglect' for the finding of dependency made in this matter;

"4. That reunification of the child with her parents is unviable;

"5. That it is not in the child's best interests to return to Guatemala;

"6. That legal and physical custody of the child is vested with the petitioner, [M.I.R.-M.];

"7. That this order shall remain in effect until further order is issued by this Court or another court having jurisdiction, relieving the said petitioner of custody, and/or awarding legal custody to another party;

"8. That the said petitioner shall assume the parental legal responsibility for the child's food, shelter, clothing; education; medical, surgical, and dental care. With these responsibilities, the said petitioner is hereby given authority to fulfill said duties (See § 12-15-102, Ala. Code (1975));

"9. That this matter is closed to further Court review; and

"10. That a copy of these Findings and Recommendations be transmitted to all parties and Attorneys.

"NOTICE:

"Pursuant to Rule 2.1 of the [Ala. R. Juv. P.] and Ala. Code 1975, Section 12-15-106, the findings and recommendation[s] of the Referee do not constitute an order until they are ratified by the original signature of the Judge, within fourteen (14)

days of the Referee's finding[s] and recommendations being filed in the Clerk's Office, any party may file with the Clerk a written request for a rehearing before the Judge."

On January 31, 2025, the sister filed an "Emergency Motion for Entry of Order," asserting that M.R.R.-M. would soon reach 18 years of age, after which the juvenile court would no longer have jurisdiction to make a finding of dependency under §§ 12-15-101(3) and 12-15-114, Ala. Code 1975. The sister noted that if the juvenile court entered a final judgment adjudicating the child to be dependent before her turning 18, then the juvenile court would retain jurisdiction over the matter pursuant to § 12-15-117(a), Ala. Code 1975. The sister further asserted:

"Although not the sole purpose of the underlying petition, the child may be eligible for special immigrant juvenile classification pursuant to 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11, depending on certain findings of this Honorable Court requested by the Petitioner, and it is in the child's best interest for the said Findings and Recommendations to be ratified prior to the child attaining the age of eighteen (18) years, or at a minimum for an Order adjudicating the child's dependency to be entered prior to the child attaining the age of eighteen (18) years so that this Honorable Court can retain jurisdiction to make the certain findings requested by the Petitioner at a later time."

The sister requested that the juvenile court enter an order ratifying the referee's findings and recommendations before M.R.R.-M. turned 18 years old. Subsequently, M.R.R.-M. turned 18 years old.

On February 7, 2025, the juvenile court entered a judgment purporting to ratify the findings and recommendations of the referee, but excluding the finding that M.R.R.-M. was dependent under § 12-15-301(1), (9), and (10) and the finding that it was not in M.R.R.-M.'s best interest to return to Guatemala.

On February 10, 2025, the sister filed a motion to alter, amend, or vacate the judgment, acknowledging that M.R.R.-M. had attained the age of 18 before the juvenile court entered its judgment. The sister argued that the juvenile court had erred in excluding the referee's findings that it was not in M.R.R.-M.'s best interest to return to Guatemala and that she was dependent based on abandonment, neglect, or a similar basis. She argued that, although, M.R.R.-M.'s obtaining special immigrant juvenile status ("SIJS") was not the sole purpose of the dependency petition, M.R.R.-M. could be eligible for SIJS pursuant to 8 U.S.C. § 1101(a)(27)(J), which requires a child to have been declared dependent and a finding that it would not be in the child's best interest to be returned to his or her country of origin. The sister further argued:

> "6. Additionally, regarding an application for SIJ status, according to 8 C.F.R. 204.11(b), 'A petitioner is eligible for classification as a special immigrant juvenile under [the law], if they meet all of the following requirements … (4) Is

7

the subject of a juvenile court order(s) that meets the requirements under paragraph (c) of this section [...].'  8 C.F.R. 204.11(c) requires findings from the juvenile court that (1) the minor was abused, abandoned, or neglected (or another similar basis), (2) reunification of the minor with his or her parents is unviable due to the basis of the finding of dependency, and (3) it is not in the minor's best interest to return to his or her country of origin.

"7. Juvenile courts in Alabama are required to make specific findings as to those issues when a petition is filed seeking specific findings required for SIJ eligibility. In E.C.D. v. P.D.R.D., 114 So. 3d 33 (Ala. Civ. App. 2012), the Court held that an order failing to make such findings was nonfinal and remanded the case to the juvenile court to make those specific findings. The Court reasoned that 'the juvenile court is charged with making the factual inquiry relevant to SIJ status when an unmarried, resident alien child is found to be dependent on the court' and that '[a] juvenile court's failure to include the findings relevant to SIJ status "effectively terminates the application for legal permanent residence, clearly affecting a substantial right" of the child.' Id. at 35-36 (citing In re J.J.X.C., [318 Ga. App. 420,] 734 S.E.2d 120 (2012) and In re Interest of Luis G., [17 Neb. App. 377,] 764 N.W.2d 648 (2009)).

"8. The petition filed in this cause specifically requested this Honorable Court to make findings that (1) the child's parents are incapacitated pursuant to Ala. Code 12-15-301(10), and that such a finding is a similar basis as abuse, abandonment, or neglect under Alabama law; (2) that reunification of the child and her parents is not viable due to the parental incapacity of the child's parents; and (3) that it is not in the child's best interest to return to Guatemala. Therefore, those issues were properly before this Honorable Court, the evidence produced at trial supports the requested findings, as evidenced by the Findings and Recommendations entered in this matter, and this Honorable Court should have

made such findings pursuant to the holding in E.C.D. v. P.D.R.D., 114 So. 3d 33 (Ala. Civ. App. 2012).

> "WHEREFORE, the petitioner respectfully requests that this Honorable Court either alter and amend the Order entered on the 7th day of February 2025 to include findings that (1) the parental incapacity of the child's parents in this matter constitutes a similar basis as abandonment and neglect for the finding of dependency made in this matter and (2) it is not in the child's best interests to return to Guatemala, or alternatively that this Honorable Court vacate the Order entered on the 7th day of February 2025 and dismiss for lack of jurisdiction."

On February 21, 2025, the sister filed a notice of appeal, which was held in abeyance until the disposition of the postjudgment motion. See Rule 4(a)(5), Ala. R. App. P. The notice of appeal became effective on February 24, 2025, when the postjudgment motion was denied by operation of law. See Rule 1(B), Ala. R. Juv. P.

## Discussion

The sister acknowledges that the juvenile court ratified the referee's findings and recommendations after M.R.R.-M. had reached 18 years of age. She argues that § 12-15-106(g), Ala. Code 1975, which provides that a referee's findings and recommendations can become a judgment of the juvenile court when they are ratified by a juvenile-court judge, could be interpreted as providing that the juvenile-court judge's

ratification merely finalizes the referee's findings and recommendations so as to make them effective as of the date the findings and recommendations were entered by the referee and not when the juvenile-court judge ratified them. The sister also argues that if the juvenile court had jurisdiction, the juvenile court erred in failing to make certain findings necessary for M.R.R.-M. to apply for SIJS under federal law. The jurisdictional issue is dispositive of this appeal.

"Whether a juvenile court has subject-matter jurisdiction is purely a question of law based entirely upon the language of the statutes empowering the juvenile courts to act." G.W.K. v. B.W.M., 387 So. 3d 1126, 1134 (Ala. Civ. App. 2023). Section 12-15-114(a), Ala. Code 1975, a portion of the Alabama Juvenile Justice Act ("the AJJA"), provides, in pertinent part, that "[a] juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to ... be dependent." "[A] person who is 18 years old or older cannot be declared a dependent child." In re P.H.-J., 324 So. 3d 1270, 1270 (Ala. Civ. App.

2020).[1] In <u>In re E.C.N.</u>, 89 So. 3d 777 (Ala. Civ. App. 2012),[2] this court explained that a "dependent child" is defined in § 12-15-102(8), Ala. Code 1975, as a "child," which, for purposes of dependency actions arising under the AJJA, is defined in Ala. Code 1975, § 12-15-102(3), as " '[a]n individual under the age of 18 years ....' " <u>In re E.C.N.</u>, 89 So. 3d at 779. In <u>In re E.C.N.</u>, this court stated:

> "In order for a child to be adjudicated a dependent child, he or she must meet the definition of the term 'child,' as defined in connection with juvenile-court dependency proceedings. The term 'child' is defined by § 12-15-102(3) thusly: 'An individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual's 18th birthday....' Thus, according to the definition of 'child,' a person can be adjudicated a dependent child only if that person is under the age of 18."

<u>Id.</u>

In <u>In re P.H.-J.</u>, <u>supra</u>, the petitioner had sought to have her 18-year-old brother declared dependent. The juvenile court had entered a

---

[1]The case cited is reported under the style <u>M.H.-J. v. In re P.H.-J.</u>; however, it is axiomatic that "In re P.H.-J." was not an "adverse party" capable of classification as an appellee under Rule 3(c), Ala. R. App. P., so as to warrant inclusion in an adversarial style. <u>See</u>, <u>e.g.</u>, <u>In re O.J.G.-O.</u>, 403 So. 3d 185, 188 n.1 (Ala. Civ. App. 2024) (making similar observations about a case reported under the style "<u>A.C. v. In re E.C.N.</u>," <u>see</u> 89 So. 3d 777 (Ala. Civ. App. 2012)).

[2] <u>See</u> note 1, <u>supra</u>.

11

judgment dismissing the dependency petition for lack of jurisdiction. This court agreed with the juvenile court that it had never acquired jurisdiction over the dependency action due to the brother's age.

In the present case, the referee's findings and recommendations indicated that M.R.R.-M. was a "dependent child," and that document was prepared before M.R.R.-M. had reached 18 years of age. However, the juvenile court did not ratify any of the referee's findings and recommendations until after M.R.R.-M. had reached 18 years old. Section 12-15-106(g), Ala. Code 1975, provides that "[t]he findings and recommendations of the referee shall become the order of the juvenile court when ratified by the original signature of a judge with authority over juvenile matters." (Emphasis added.) We cannot agree with the sister's argument that § 12-15-106(g) could be read as treating the role of the judge as merely finalizing the referee's findings and recommendations so as to make the effective date of the judgment the date of the referee's findings and recommendations. While "referees [can] perform vital functions to assist trial judges, they [are] not to become substitutes for trial judges." T.R. v. R.C., 4 So. 3d 485, 486 (Ala. Civ. App. 2007) (Thomas, J., dissenting), rev'd, Ex parte T.R., 4 So. 3d 487 (Ala.

12

2008).

This court has addressed the appealability of a referee's findings and recommendations. In <u>D.L. v. T.A.</u>, 827 So. 2d 127 (Ala. Civ. App. 2002), this court addressed former § 12-15-6, Ala. Code 1975, the predecessor to § 12-15-106. In <u>D.L.</u>, this court held that a referee's recommended judgment is not final or appealable until it has been confirmed by the juvenile-court judge. <u>See also</u> <u>C.P. v. Fairfield Bd. of Educ.</u>, 975 So. 2d 982 (Ala. Civ. App. 2007) (holding that because a referee's order was neither confirmed by a juvenile-court judge nor reheard by a juvenile-court judge, the order was not a final, appealable judgment); <u>Blume v. State</u>, 678 So. 2d 1122 (Ala. Civ. App. 1996) (holding that a referee's order purporting to amend a prior order was not a final judgment and, thus, not appealable because it was not ratified by the juvenile- court judge). <u>Cf.</u> <u>Ex parte Quarles</u>, 197 So. 3d 499 (Ala. Civ. App. 2015), (holding that order entered by a juvenile-court judge ratifying a referee's findings and recommendations to close a dependency case was not a final judgment because the parties retained a right to a rehearing under § 12-15-106(e) and one party in that case had timely filed such a request).

Here, the juvenile court's judgment determining that M.R.R.-M. was dependent was void at the time of its rendition because M.R.R.-M. was no longer a "child" when the juvenile court acted. A void judgment will not support an appeal. K.R. v. D.H., 988 So. 2d 1050, 1052 (Ala. Civ. App. 2008). Therefore, we dismiss the appeal as arising from a void judgment and instruct the juvenile court to vacate its judgment as void.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.